ELLA KNAPP v. THE BROTHERHOOD OF AMERICAN YEOMEN,
Appellant.

**Fraternal insurance:** DIRECTION OF VERDICT. An insurance company
1  cannot ask the direction of a verdict because of plaintiff's
failure to prove a submission of the claim sued on to arbitra-
tion, as provided in the policy, where that question was not
made an issuable fact by the pleadings.

**Action on certificate:** INTOXICATION AS A DEFENSE. A fraternal ben-
2  eficiary association is not a life insurance company within the
meaning of the statutes, and is expressly exempted by Code,
section 1825, from the provisions of section 1811 relating to in-
toxication as a defense to suit on a policy.

**Breach of warranty:** INSTRUCTION. Where there are separate war-
3  ranties in a beneficiary certificate a breach of either will defeat
recovery and the jury should be clearly instructed to that effect.

*Appeal from Linn District Court.*— HON. J. H. PRESTON,
Judge.

THURSDAY, OCTOBER 19, 1905.

ACTION by plaintiff as beneficiary under a certificate of
insurance in the defendant association issued to one Frank
Knapp, husband of the plaintiff, now deceased. Verdict
and judgment for plaintiff, from which defendant appeals.—
*Reversed.*

*Edgar C. Corry* and *Dawley, Hubbard & Wheeler,* for
appellant.

*Smith & Smith,* for appellee.

McCLAIN, J.— The defendant relied upon the falsity
of statements in the application of Frank Knapp for mem-
bership in the defendant association, and breach by said
Frank Knapp of conditions contained in the certificate with

reference to the use of intoxicating liquors and violation of the law in consequence of which his death resulted; also on fraud predicated on the action of plaintiff as the local soliciting agent of the defendant, in procuring the issuance to her husband of a certificate of insurance in the defendant association, with knowledge of the fact that the statements in his application were false.

The first error relied upon is in the overruling by the court of defendant's motion, made at the conclusion of the evidence for plaintiff, to direct a verdict for the defendant 1. FRATERNAL     on the ground that the claim had not been sub-
INSURANCE:    mitted to arbitration as provided by one para-
direction of
verdict.       graph of the contract. Plaintiff alleged the performance of all conditions and obligations required of Frank Knapp under said contract, but did not allege either generally or specifically the performance of any condition as to the submission of the claim to arbitration, and defendant did not interpose the failure to submit to arbitration as a defense. No issue was raised by the pleadings, therefore, as to whether there had been such submission, and it was not open to defendant to ask the direction of a verdict on account of the failure of plaintiff to prove a fact as to which no issue was raised.

The court instructed the jury with reference to evidence tending to show that Frank Knapp was intemperate in the use of intoxicating liquors, and that the facts were mis-
2. ACTION ON    stated in his application and constituted a
CERTIFICATE:   breach of warranty, and that if such facts were
intoxication
as a defense.  generally known in the community or neighborhood where the agent of the defendant association resided, and thereafter the association continued to receive premiums falling due under his certificate of insurance, then such breach of warranty would not constitute a defense to the association.

In the absence of any statutory provision on the subject, this instruction was plainly erroneous. There is no rule of

law that general knowledge in the community, where the agent of an association resides is imputed to the agent. But the court no doubt had in mind the provision of Code, section 1811, containing just such a provision. The language of that section is substantially embodied in the instruction. One of the allegations of defendant's answer was, however, that defendant is a fraternal beneficiary association organized and carried on for the sole benefit of members and their beneficiaries, and not for profit, and having a lodge system with ritualistic work and a representative form of government, and while the articles of the association, though apparently introduced in evidence, are not set out in the record, we think it is clear from the language of the certificate that defendant is such fraternal beneficiary association and that the certificate issued to Frank Knapp was issued to him as a member of such association, and was not a policy of insurance. Indeed, the allegations of plaintiff's petition in themselves indicate that the defendant association is not a life insurance company, such as is described in chapter 6, or a stipulated premium and assessment life insurance association, such as is described in chapter 7, title 9, of the Code, but, on the contrary, a fraternal beneficiary association, such as is described in chapter 9 of the same title. Now section 1811 is found in chapter 8, title 9, of the Code which applies to life insurance companies and associations, and it is expressly provided in section 1825, found in chapter 9, that fraternal beneficiary associations shall be governed by that chapter, and " shall be exempt from the provisions of the statutes of this State relating to life insurance companies, except as hereinafter provided."

In the case of *Smith v. Supreme Lodge*, 123 Iowa, 676 (decided since this case was tried below), we held that under the provisions of Code, section 1825, section 1812, which is found in chapter 8, was not applicable to fraternal beneficiary associations. It necessarily follows that section 1811 is equally inapplicable to such associations. There is no

provision in chapter 9 similar to that embodied in section 1811, which, as we have seen, must have been the basis of the instruction given by the court. It was error, therefore, to instruct the jury on the theory that the provision of section 1811 was applicable to the case.

In the same instruction the court referred collectively to three separate breaches of warranty which were relied upon by defendant, and apparently required the defendant to prove the breach of each of them in order to make out a defense. Evidently, if there were three separate warranties, then the breach of any one of the three would be sufficient to entitle the defendant to a verdict. Perhaps the language of the instruction is not such as to have misled the jury, but the danger of a misapprehension in this respect might have been avoided by making the instruction more specific.

3. BREACH OF WARRANTY: instruction.

The other questions suggested in argument are not of such nature as to demand specific attention.

The judgment is *reversed*.