SIDLES COMPANY, Appellant, v. PIONEER VALLEY SAVINGS BANK, Appellee.

No. 46102.

1058

April 6, 1943.

Rehearing Denied September 27, 1943.

Sifford & Wadden, of Sioux City, for appellant.

W. V. Steuteville and Kindig, Faville, Kindig & Beebe, all of Sioux City, for appellee.

Bliss, J.—There are two questions for determination, as we view the case and the rights of the parties : First, Did a cause of action by the plaintiff as the drawer of a check upon the Continental National Bank, of Lincoln, Nebraska, under the circumstances stated, lie against the defendant for the recovery of the amount of the check collected from the drawee and interest thereon? Second, Should there be recovery against the defendant for the money paid out by plaintiff for attorney's fees and court

costs in the action of Joe Keller v. Sidles Company, in which the plaintiff therein sued the defendant therein, not on the check but for the original debt for which the check was given, and obtained judgment against the defendant, which judgment the defendant paid before bringing the action at bar?

Some further statement of facts is necessary for a full understanding of these questions. About June 25, 1938, Joe Keller and Edward Sporrar called upon plaintiff, doing business in Woodbury County, Iowa, to purchase an airplane, on which they paid earnest money or a down payment in the sum of $299. The plaintiff could not furnish the airplane, and on July 9, 1938, it attempted to refund the money to the intended purchasers, by issuing its check on the bank at Lincoln, Nebraska, where it had a sufficient balance in its checking account, for $299, payable to Keller, and delivering the check to Sporrar. About September 16, 1938, attorneys for Keller notified the plaintiff by letter that Keller had not received the check but that it had been cashed on the forged endorsement of Keller's signature, and presented to the defendant by Bert McMahon and cash was paid him therefor. The letter demanded payment of the $299 from the plaintiff, who at once notified defendant of the contents of the letter and suggested that defendant send to Keller a remittance of the amount and proceed against those who endorsed the check. The letter gave it the necessary information as to endorsements and the time of payment by the Lincoln bank. Defendant did not comply with the letter. Thereafter Keller sued the Sidles Company, alleging the payment of the earnest money, the company's admitted inability to furnish the airplane and its failure to refund the money, and demanded judgment for the amount. Sidles Company then served written notice of the action upon the defendant and the drawee bank, demanding that they undertake the defense of the action at their own expense, and if they did not, Sidles Company would do so but would look to them for full reimbursement. Neither the defendant nor the drawee complied with the demand. Sidles Company defended, and filed answer admitting the purchase of the airplane, the payment of the earnest money, its inability to deliver the airplane, but denied that it had failed to return the earnest money and averred that

it had done so on July 9, 1938. The court found for Keller and rendered judgment against Sidles Company for the amount of the check and interest on March 19, 1940. About April 10, 1940, Sidles Company served timely written notice of the entry of judgment of $318.27, of its expense of $150 for attorney's fees, upon the defendant and the drawee, and that they prosecute an appeal at their own expense, but if they did not, Sidles Company would pay the judgment, costs, and all expense, and seek recovery therefor from them. No appeal was taken and plaintiff paid the judgment and costs and the attorney's fees, which are conceded to be reasonable, in an aggregate amount of $469.97, and brought this action to recover that amount.

In its answer defendant denied the legal sufficiency of plaintiff's cause of action as alleged; denied that it was ever legally liable, as endorser or otherwise, to the plaintiff as the maker of the check; denied that it was liable, since the money on the check which it received was the money of the drawee and not the money of plaintiff. For further answer the defendant alleged the plaintiff's negligence in attempting to deliver the check by a messenger as its agent and if there was a forgery it was by said agent, which negligence was the proximate cause of plaintiff's loss; the check upon being paid became a dead check and neither the drawee nor the plaintiff was a holder in due course; the endorsement of defendant did not inure to the benefit of the plaintiff as drawer; the defendant has received no money from plaintiff; the defendant's liability was not adjudicated in the Keller action; the plaintiff did not act diligently in discovering the alleged forgery and in seeking to recover its loss after such discovery; the negligence of plaintiff would prevent defendant's recovery against the forger and the endorser prior to defendant.

On the trial the check, the notices served on defendant to defend, the petition and judgment in the Keller case, were all introduced in evidence. Testimony was also received in this action by the attorney for Keller in his action against Sidles Company, that the endorsement of Keller's name on the check was not in the handwriting of Keller, and that in the trial of the Keller case the matter of the genuineness of Keller's endorsement and whether he received the proceeds of the check were in-

'volved, and that there was testimony by Keller that he did not make the endorsement, and he never endorsed the check or received the money, and that he never authorized Sporrar to receive the check or to endorse Keller's name on it or to cash it.

On the trial of the case before us, it was admitted by defendant that on October 25, 1938, an affidavit of Keller's was received by it, setting out that he had never received the check, endorsed it, or cashed it, and never had received any refund from Sidles Company. On this affidavit was the genuine signature of Keller.

It was also stipulated that when the defendant received the check from Bert McMahon for deposit, it was credited to McMahon, a long-time depositor, and that it bore the endorsement "Joe Keller" and "Bert McMahon," and that defendant placed the following endorsement on the check: "Pay to the Order of Any Bank or Banker. All Prior Endorsements Guaranteed. Pioneer Valley Savings Bank, Sergeant Bluff, Ia. A. W. Wies, Cashier," when it sent the check to the drawee, where it was charged to the deposit account of plaintiff, and $299 was remitted to the defendant.

It was also stipulated that when McMahon deposited the check he told the defendant that Keller was at the Sergeant Bluff airport, and that it did not learn of the alleged forgery until on or about September 16, 1938, and though it tried to locate McMahon it had been unable to find him.

At the close of all of the evidence on both sides and after they had rested, the defendant moved for a directed verdict, the grounds therefor being, in substance, as follows: (1) There was no sufficient evidence to support a verdict for plaintiff (2) the defendant paid full value for the check in good faith, and received payment from the drawee out of the drawee's funds and not from any funds of the plaintiff deposited in said bank, although the amount of the check was charged against the plaintiff's deposit account, and that because the money so deposited created a debtor-and-creditor relation between the plaintiff and the drawee, and the latter's money was paid to defendant, the plaintiff had no cause of action against the defendant (3) that the drawee was not a holder of the check, but upon cashing

it killed it as commercial paper and transformed it into a mere voucher or receipt, and when the alleged forged check passed, if it did, from the drawee to the drawer, it came to it, not as a live instrument but as a voucher or receipt, and no liability can be predicated thereon between the plaintiff and the defendant (4, 5) these grounds are based upon the fact that the defendant was not a party to the Keller action, and was not subject to being vouched into it, and was not vouched in, and was not concluded by the judgment in the Keller case (6) this ground relates to the alleged negligence in not notifying the defendant within a reasonable time after discovering the forgery, to the injury of the defendant; it also relates to defenses based upon matters of fact respecting whether Keller did not get possession of the check or its proceeds and to whom they belonged, and relates also to alleged delay and laches on the part of plaintiff.

The plaintiff also filed a motion to direct a verdict in its favor. This motion contains twelve grounds. The third ground is:

"The record in the case of Keller vs. Sidles Company, and the judgment in that case, is as a matter of law binding upon the defendant as to the matters involved in that action, not only as expressly stated in the pleadings and the judgment, but as to those which are inherent therein, in arriving at the judgment entered, as an estoppel by judgment against the defendant."

The ninth ground is:

"That the record shows the defendant Bank was given timely notice of the pendency of the action of Keller vs. Sidles, and an opportunity to defend, and that if a judgment were entered, as it was, in the case of Keller vs. Sidles Company, the defendant Bank would be liable over to the plaintiff, and that by virtue of the evidence in this case the judgment rendered in the case of Keller vs. Sidles Company is an adjudication of all the matters involved therein between the plaintiff and the defendant, and operates as an estoppel by judgment against the defendant to assert here again any claimed defenses which might have been asserted in that action."

I. The other grounds of plaintiff's motion for a directed verdict, excepting 10, 11, and 12, relate, not to the matter of

vouching in the defendant but to the contention of the plaintiff that, having paid Keller, the payee of the check, the debt for which it was given, it was entitled to sue the defendant directly to recover the amount of the check which it wrongfully received from the drawee. We have no doubt of its right to do so. This question was passed upon by this court in the consolidated cases Home Indemnity Co. v. State Bank of Fort Dodge, and Home Indemnity Co. v. State Bank of Fort Dodge, 233 Iowa 103, 8 N. W. 2d 757, and it was there held, and particularly in Division IV of the opinion, that, under circumstances quite like those in this case, the drawer of the check was entitled to sue and recover from the intermediate collecting bank. Our decision in that case rules our decision in this case on that particular issue. The first question noted at the beginning of the opinion must therefore be answered in the affirmative.

II. It is our conclusion that the second question should receive a negative answer. The plaintiff, it appears to us, is seeking to recover from the defendant attorney's fees and court costs in an action which it should not have permitted to be brought. It admits in its answer that it had received $299 from Keller which he was entitled to receive. There was no dispute about this, nor about its obligation to see that he did receive it. It drew its check for that amount payable to Keller. It chose Sporrar as its medium of transmitting the check to Keller. This was done without the authority of Keller, so he said. It might have made certain of Keller's receiving it by delivering it to him directly. However, such failure cannot be said to have been the proximate cause of the forgery, nor of the defendant's accepting it and collecting it from the drawee. New Amsterdam Casualty Co. v. Albia State Bank, 214 Iowa 541, 239 N. W. 4, 242 N. W. 532. Keller was in no way to blame, so far as the record shows, for anything that took place. It was not his fault that the money was not returned to him. When he demanded it, the plaintiff should have paid him and he should not have been put to the expense of bringing an action against Sidles Company. Certainly he was not required to participate in litigating the controversy between the plaintiff and defendant. The defendant, in the present action, is not, of course, entitled

to any benefit or consideration because of the trouble and expense to which Keller was put. But Sidles Company had a direct and primary obligation to Keller. It was not necessary that Keller procure a judgment against it, which it voluntarily paid, in order to perfect a right of action against the defendant. It could have paid Keller without any expense to anyone, and have had every right against the defendant which it had after paying the Keller judgment. By so proceeding there would have been no unnecessary litigation. The present action would have determined the entire matter. In this action, it has been in no way aided by the Keller action. There is no good reason why the defendant should pay the plaintiff's attorney's fees in an action to determine the controversy between them, and yet that would be the result if the plaintiff should succeed in what it is contending for. It is true that Keller, as the payee in the check and the rightful owner of it, was entitled to bring an action against the defendant for wrongfully appropriating his property under the forged endorsement, but he was not required to do so. But the procedure insisted on by the plaintiff would have compelled Keller to do what he had a right to avoid.

While the defendant, in what it did, gave rise to a cause of action against it by the plaintiff, such cause of action was not directly related to plaintiff's primary obligation to refund the down payment to Keller, and defendant, in our judgment, could not be vouched into that action. Yet it was not in any way injured thereby. It was not bound by the Keller judgment except as it established the plaintiff's liability to Keller. But this was in no way prejudicial to defendant, as it merely changed the form of plaintiff's obligation to Keller. While there was some testimony in the Keller case as to matters involved in this case, such as the forgery of Keller's signature and the fact that he never received the check or its proceeds, these matters were all directly established in the case before us by stipulation or by evidence, beyond any question. Other affirmative defenses alleged by the defendant either were of no materiality or were not established.

While neither motion to direct should have been sustained, all material facts necessary to settle the rights of the parties

were definitely established, and no good reason appears why the cause should be sent back for a retrial. The judgment is, therefore, reversed insofar as it denied plaintiff recovery for the amount of the check and legal interest, and it is affirmed insofar as it denied plaintiff recovery for attorney's fees and court costs in the Keller action. The cause is, therefore, remanded to the district court for entry of judgment in conformity herewith.—Affirmed in part; reversed in part.

GARFIELD, C. J., and OLIVER, HALE, WENNERSTRUM, and MANTZ, JJ., concur.