## RAICHE v. STANDARD OIL CO.
### No. 12174.

Circuit Court of Appeals, Eighth Circuit.
Aug. 13, 1943.

Curtis Bush, of Davenport, Iowa (A. G. Bush and Bush & Bush, all of Davenport, Iowa, on the brief), for appellant.

F. J. MacLaughlin, of Davenport, Iowa (Wayne G. Cook and Cook, MacLaughlin & Blair, all of Davenport, Iowa, on the brief), for appellee.

Before GARDNER, THOMAS, and JOHNSEN, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order which finally dismissed an action brought by appellant as plaintiff to recover damages for the death of her intestate because not brought by the real party in interest and for want of jurisdiction. So far as the alleged grounds of plaintiff's cause of action are concerned they are substantially the same as those before us in Standard Oil Company v. Lyons, 8 Cir., 130 F.2d 965, it being alleged that the negligence of the defendant, Standard Oil Company, in the sale of "Korite Primer" to C. Holmquist and Company, for use in waterproofing a water tank in Rock Island, Illinois, was the proximate cause of the death of plaintiff's intestate.

The answer of the defendant, among other things, alleged that Robert Raiche, plaintiff's intestate, was employed by C. Holmquist and Company; that both the employer and employee were subject to the Workmen's Compensation Act of the State of Illinois; that decedent entered into his contract of employment with said C. Holmquist and Company in Rock Island, Illinois; that his injuries and death were sustained in Illinois, and that under Section 29 of the Illinois Workmen's Compensation Act, Ill.Rev.Stat.1941, c. 48, § 166, neither decedent nor plaintiff had or acquired the right to maintain an action for damages at common law against defendant because such right of action, if any, was transferred to decedent's employer.

In reply plaintiff admitted that both defendant and decedent's employer were subject to the Illinois Workmen's Compensation Act and that said act was effective at all times pertinent thereto, and that decedent's injuries and death occurred in Illinois, but denied that decedent entered into his contract of employment with his employer in the State of Illinois and alleged that said contract of employment was entered into in Davenport, Iowa, and hence, the right of action was not transferred to decedent's employer, nor was it governed by the Illinois Workmen's Compensation Act; that at the time of his death decedent was working for C. Holmquist and Company pursuant to a contract of employment entered into by decedent and his said employer in the City of Davenport, Iowa, and under the Iowa Workmen's Compensation Law, Code Iowa 1939, § 1361 et seq., which became a part of the contract, decedent's injuries and death having arisen in the course of his employment under said contract, the Iowa Compensation Law governed the rights and remedies of the decedent and the plaintiff as his personal representative.

The trial court construed the issues thus presented by defendant's special plea and plaintiff's reply thereto as presenting a plea in bar and ordered the issues disposed of prior to the trial of the case on its merits. No objection to this procedure was interposed but plaintiff acquiesced therein and assumed the burden of proving that the contract of employment between decedent and his employer had been entered into in Davenport, Iowa. On the issues thus submitted to the court, the court found as a fact and determined as a matter of law that the contract of employment was entered into in the State of Illinois, where the catastrophe resulting in plaintiff's death occurred. This finding is as follows: "I therefore find as a finding of fact that Robert Raiche was employed in Iowa to work for C. Holmquist & Co. on the Roosevelt School in Moline, Illinois, and was not employed in Iowa for any work on the Water Works at Rock Island, Ill., during which work the unfortunate accident occurred which caused his death, and, as a conclusión of law I find the laws of the State of Illinois apply and the defendant's plea in bar should be sustained." Thereupon the court entered its order dismissing the action.

In seeking reversal of this order of dismissal, plaintiff in her brief says: "The only issue involved in this appeal is whether the contract of employment between the decedent, Robert Raiche, and his employer, C. Holmquist & Company, was made and entered into by them in the State of Iowa or in the State of Illinois. If the contract of employment was made in Iowa, the Iowa Workmens' Compensation Law governs, and appellant's action was properly brought. If the contract of employment was made in Illinois, the Illinois Workmens' Compensation Act governs, and the

cause of action against appellee as the third party whose negligence caused decedent's death was, by that Illinois Act, transferred to decedent's employer."

We may assume, without deciding, that this is a correct statement of the controlling issue because it reflects the theory on which the case was presented to the trial court, as evidenced by the following from the trial court's decision: "The parties agree that if the laws of the State of Illinois apply these plaintiffs have no right to maintain these suits as against this defendant as such a suit against a third person for negligently causing the death of plaintiffs' intestates cannot be maintained under the laws of Illinois, and the Supreme Court of Iowa has recognized this limitation contained in the Illinois compensation law, and that if the Illinois compensation law is applicable, then these actions are not presented in the name of the real parties in interest."

It is therefore not necessary to consider or construe either the Workmen's Compensation Act of the State of Iowa or the Compensation Act of the State of Illinois, the simple issue presented on this appeal being the question as to whether the contract of employment under which decedent was working at the time of receiving his fatal injuries was entered into in the State of Iowa or in the State of Illinois. On this issue the plaintiff, as has already been observed, assumed the burden of proof. She was seeking to assert rights under the Iowa Workmen's Compensation Act and it was therefore incumbent upon her to bring herself within the terms of that act, which necessitated proof that the contract of decedent's employment at the time of receiving his fatal injuries had been entered into in the State of Iowa.

The court found as a fact that the contract of employment under which deceased was working at the time of receiving his fatal injuries was entered into in the State of Illinois, and under Rule 52 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." We have frequently declared that findings of fact by the trial court will not be disturbed if supported by the preponderance of substantial evidence.

Beim Co. v. Landy, 8 Cir., 113 F.2d 897; Missouri Pac. Transp. Co. v. George, 8 Cir., 114 F.2d 757; Adair v. Reorganization Inv. Co., 8 Cir., 125 F.2d 901; Luzier's Inc., v. Nee, 8 Cir., 106 F.2d 130. With this rule in mind, we turn to the evidence.

C. Holmquist and Company, decedent's employer, maintains its principal place of business in Moline, Illinois. It engaged in the waterproofing and roofing business in Iowa and in Illinois. At and prior to July 26, 1939, it held a contract which called for the installation of a new roof on the Roosevelt School in Moline, Illinois, and at that time was engaged in performing work on several school buildings in Davenport, Iowa. There was no evidence that it was then engaged in or that it had contracted for the work which decedent was performing when he received his fatal injuries. The roofing work on the Roosevelt School was to be commenced on July 26, 1939. This was a union labor job, which means that if possible only members of the Roofer's Union were to be employed. However, the contract between Holmquist and Company and the union permitted the employer to use nonunion men on jobs if union men were not available, the nonunion men so employed to be replaced by union men if and when they could be obtained. Decedent was not a member of the union. Russell Bergstedt was superintendent of the roofing and waterproofing work of C. Holmquist and Company. George Kallenberger, of Davenport, Iowa, was president of the Roofer's Union, and was from time to time employed by C. Holmquist and Company. On July 25, 1939, Bergstedt, then at Moline, called Kallenberger, then at Davenport. Concerning this conversation, Bergstedt testified: "I believe Mr. Kallenberger was told to get some men together to start this particular job and Mr. Raiche, I believe, was included in the men that he got." He instructed Kallenberger to get a crew of men to work on this Moline school job. Concerning the same matter, Kallenberger testified as follows: "I was instructed by Mr. Bergstedt to obtain men to work on that job over there at that time. Mr. Bergstedt called me and told me to get the men ready to go to the Roosevelt School in Moline. I believe that it was on the day before that he called me and I was at home and he was at his office in Moline, Illinois. After I got those instructions, I started picking up

enough men to make up the gang to go over the following day."

In casting about for men to make up the desired crew, Kallenberger met Raiche at a cigar store in Davenport, Iowa, the morning of July 26, 1939. He asked Raiche if he wanted to go to work. Concerning this conversation he testified: "I asked him if he wanted to go to work. He said he didn't know at first. I told him I was short men, needed men to fill out a gang and he said yes, he would go."

Other witnesses who heard the conversation between Kallenberger and Raiche corroborated this testimony. Decedent accordingly commenced work at Moline on the Roosevelt School July 26, 1939.

Concerning this conversation Mr. Kallenberger testified that Raiche agreed to work, and "I told him to change his clothes and told him I would meet him there as soon as he got his clothes changed and got back and we would go over to the job."

It would seem that Raiche was employed in Davenport for this particular job. He was subject to be let out at any time that a union man became available. Kallenberger was authorized to obtain men for this particular job, and in his conversation with Raiche he specifically limited the contract of employment to this particular job. The powers of a special agent must ordinarily be strictly construed and limited to those specifically conferred. First Trust Joint Stock Land Bank v. Diercks, 222 Iowa 534, 267 N.W. 708; Ney v. Eastern Iowa Tel. Co., 162 Iowa 525, 144 N.W. 383. Work on the Roosevelt School was completed August 4, 1939. It appears from the pay roll record of Holmquist and Company that Raiche began work on the Roosevelt School July 26, 1939, and ceased working there August 4, 1939. There was no proof what he did thereafter, nor by whom, if anyone, he was employed, until August 10, 1939, when he re-entered the employ of Holmquist and Company on another job in Moline, Illinois. Decedent having been employed only for work on the Roosevelt School, his contract of employment terminated when that job was completed. Where and under what circumstances he was re-employed is not disclosed by the record. In the absence of such proof, the court could not presume that the contract under which he was employed at the time

of receiving his injuries on August 28, 1939, had been entered into in the State of Iowa. The burden of proof, as already observed, was on the plaintiff, which she recognized and assumed. Having assumed the burden of proof, it was incumbent upon her to discharge it even though in the absence of such assumption such burden might have rested on defendant. Russell v. Chicago, M. & St. P. R. Co., 195 Iowa 993, 191 N.W. 806; Benjamin v. Shea, 83 Iowa 392, 49 N.W. 989; Denton v. Chicago, R. I. & P. R. Co., 52 Iowa 161, 2 N.W. 1093, 35 Am.St.Rep. 263. Having elected to try her case in the trial court on the theory that the burden of proof was upon her, she can not on appeal seek reversal on a different or inconsistent theory. Loomis, Collector, v. Wattles, 8 Cir., 266 F. 876; Hatcher v. Northwestern Nat. Ins. Co., 8 Cir., 184 F. 23. Even though a defendant plead specially matter which he could not avail himself of under a general denial, he does not thereby assume the burden of proof as to such specially pleaded matter. Mt. Ida School for Girls v. Kerr, R.I., 154 A. 565; Streeter v. State, 154 Okl. 160, 7 P.2d 636; Williamson Inman & Co. v. Thompson, 53 Ga.App. 821, 187 S.E. 194. The facts were known to plaintiff, or were ascertainable by her, and her failure to produce evidence as to the circumstances of such employment gave rise to the presumption that such evidence, if produced, would be unfavorable to her contention. Philadelphia Storage Battery Co. v. Kelley-How-Thomson Co., 8 Cir., 64 F.2d 834. In this state of the record the court correctly found as a matter of law that the place where the act was performed and where the decedent received his fatal injuries, was the place where the contract was made. In any event, it could not on this record be found that the contract was entered into in the State of Iowa.

It is, however, contended that the contract of employment to work on the Roosevelt School was of such a character and furnished such a basis as to require a finding that it was a continuing or general contract of employment. This argument is based upon certain testimony by Mr. Bergstedt, superintendent of decedent's employer. It will be recalled that he was not present when his representative, Kallenberger, negotiated the con-

tract with decedent to work on the Roosevelt School in Moline, and it will be likewise recalled that he testified that he specifically authorized Kallenberger to pick up or employ workmen for a crew on that particular job. The testimony referred to is as follows:

"Q. Mr. Kallenberger was instructed by you to get a crew to go to work on this job? A. Yes sir.

"Q. Now, state whether or not when men were employed by your company they were employed to work on one particular job or to work wherever your company happened to have work. A. They worked wherever there was work or wherever they were told to work.

"Q. And that would be in either the States of Illinois or Iowa? A. Yes sir.

"Q. And it was the custom of your company, or was it the custom of your company to move men around from one job to another? A. Yes sir.

"Q. And from jobs in one state to jobs in another state? A. Yes sir.

\* \* \* \* \*

"Q. Were Lyons and Raiche hired to work for your company wherever it happened to have a job in either Iowa or Illinois or wherever it might be, or were they hired to work for your company solely in one state? A. No sir, they were hired to work wherever there was work to be done, either in Illinois or in Iowa."

This witness assumes to construe the contract of employment. The facts with reference to this employment, however, were undisputed and the construction of the contract was therefore purely a matter of law to be decided by the court. The legal effect could not be changed by this voluntary opinion given by decedent's employer. Even if it might possibly be held that this witness were attempting to testify to some fact, the court, in view of the undisputed evidence and the surrounding facts and circumstances, was certainly not bound to credit the testimony of this witness in this regard. First, it was to his interest to fix the liability, if possible, upon the defendant, a third party; second, his construction of the contract is in direct conflict with his own testimony that he directed Kallenberger to employ men for the particular job; to-wit, the Roosevelt School; third, decedent, being a non-union man, was subject to discharge at any time without cause if a union man were available to do the work; fourth, it appears that the work on the Roosevelt School was finished August 4th and thereafter for a period of six days decedent was not employed by Holmquist and Company and it does not appear why he was not so employed nor where nor by whom he was employed during the interim before he re-entered employment on August 10, 1939; fifth, it does not appear that Holmquist and Company, at the time decedent was employed on July 26, 1939, had a contract to do the work on the Rock Island job.

It is mildly urged that the proceedings taken before the Iowa Industrial Commissioner finally adjudicated this question. The record shows that after the death of decedent, his parents instituted proceedings before the Iowa Industrial Commissioner, alleging that they were dependents of decedent and they sought to recover an award of compensation for his death. Defendants in the proceedings were C. Holmquist and Company, decedent's employer, and Employers Mutual Liability Insurance Company, the employer's insurance carrier. An award of compensation was made. The defendant was not a party to that proceeding and the record does not disclose what questions nor what evidence was presented to or considered by the commissioner. We are clear that the defendant could not be bound by any determination made by the commissioner in that proceeding. It would certainly be entitled to its day in court.

The judgment appealed from is therefore affirmed.