No. 17,869.

VERN EWING, ET AL. *v.* COLORADO FARM MUTUAL CASUALTY CO.
(296 P. [2d] 1040)

Decided May 7, 1956.

Mr. Paul C. Brown, Mr. Howard E. Erickson, for plaintiffs in error.

Messrs. Wormwood, O'Dell & Wolvington, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

On September 11, 1953, plaintiffs, now plaintiffs in error, while riding in an automobile on the highway north of Boulder were seriously injured as the result of an accident caused by the negligence of one Clyde Coughlin, who was driving an automobile at a high rate of speed in the opposite direction and crashed headon into the car in which plaintiffs were riding. Plaintiffs filed suit on September 23, 1953, against Coughlin who was duly served with process but made no appearance, either in person or by representative. On September 3, 1954, plaintiffs applied for and obtained judgments by default, one in favor of plaintiff Vern Ewing for $7,-033.82, and the other for plaintiff Gweneth Ewing, his wife, for $7,500. On January 26, 1955, plaintiffs instituted the present action against defendant insurance company to recover the amount of the judgments. The automobile Coughlin was driving was owned by William Wolf, Jr., who carried a liability insurance policy with defendant, now defendant in error, insurance company.

Trial was had to the court on September 1, 1955. At

the conclusion of plaintiffs' case defendant's counsel moved for dismissal of the complaint, which motion was granted and judgment entered in favor of defendant. Motion for new trial was filed and denied.

The grounds of the motion to dismiss were that plaintiffs failed to show that defendant insurance company had notice of the original suit in which the above mentioned judgments were taken against Coughlin; further, that plaintiffs failed to show that the judgment debtor Coughlin was driving and operating the automobile with the permission of Wolf, its owner and the insured in the policy. Briefly the facts as shown were that Wolf, the owner of the automobile, left the state for an extended trip and left the automobile with a Mrs. Preston, and the record discloses this conversation between Wolf and Mrs. Preston at the time:

"Q. What conversations were had concerning his 1952 Buick Riviera at the time he left?

"A. Well, he left all the papers with me and he asked me to take it down to Greeley and have the work done on it and have it finished by the time he got back."

On the afternoon of the accident Mrs. Preston used the car to attend a party in Estes Park about nine miles from her home and Coughlin was a guest at the same party. Early in the evening Mrs. Preston asked Coughlin to drive her home and after arriving at her home she permitted Coughlin to take the car, telling him to return it the next day. Coughlin drove the car back to the party and was joined by another boy and the two started toward Boulder and on the way Coughlin negligently lost control of the automobile and collided with plaintiffs' car.

After the original suit was filed against Coughlin and he made no appearance, the attorney for plaintiff called the attorneys for Wolf's insurance company, defendant in error herein, and plaintiff claims that the attorneys for the insurance company denied liability under the policy because Coughlin was not operating the auto-

mobile with Wolf's permission. Counsel for the insurance company, called as a witness, says that he told plaintiff's attorney that he was going to, or had advised his client that there was no coverage.

It is evident that counsel for plaintiffs were in possession of the liability insurance policy here involved, and the record is unmistakably clear that the insurance company did not have any kind of notice of the original suit filed by plaintiff against Coughlin and knew nothing about it until this present action was instituted to recover the amount of the judgments. An attempt was made by plaintiffs' counsel to prove by the claims manager of the company that it had notice of the suit, but failed in this attempt.

■ Counsel for defendant company contend that it was incumbent upon plaintiffs to prove as a part of their case that the company had notice of, or at least, knowledge of, the original law suit. Being third party beneficiaries under contract between Wolf, the insured, and the insurer, they were required to allege and prove the performance of all conditions precedent contained in the policy, since they were in possession of the policy prior to the commencement of this action. The policy involved contained a condition requiring that the suit papers must be immediately forwarded to the company. A general allegation of the performance of the conditions precedent is sufficient, and when made, a denial of the performance must be made specifically, and when so denied the party pleading the performance is burdened with the proof of performance. There is no allegation in plaintiffs' complaint concerning the conditions precedent. The question arises as to whether or not the condition precedent in the policy requiring the suit papers to be forwarded to the company before liability on the part of the company would attach is changed by the statute C.R.S. '53, 13-7-23, which is as follows:

"(a) The liability of the insurance carrier under any such policy shall become absolute whenever loss or dam-

age covered by such policy occurs and the satisfaction by the insured of a final judgment for such loss or damage shall not be a condition precedent to the right or obligation of the carrier to make payment on account of such loss or damage. No fraud, misrepresentation or other act of the insured in obtaining or retaining any such policy, or in adjusting a claim under any such policy, and no failure of the insured to give any notice, forward any paper or otherwise cooperate with the insurance carrier shall constitute a defense as against the judgment creditor on any such judgment. The insurance carrier shall not be liable on any such judgment if it has not had reasonable notice of an opportunity to appear in and defend the action in which such judgment was rendered, or if the judgment was obtained through collusion between the judgment creditor and the insured."

A careful reading of the above section discloses clearly that it is exquisitely calipered as an imponderable. It has advantages, however, in that it can be read forward or backward and you are left to take your choice. Counsel for defendant in error says that the above quoted statute must be construed so as to give validity to all parts of the statute if that is possible. That is generally true as applied to all statutes; however, here we are called upon to do the impossible. Validity of one part of this section destroys the validity of the remaining part, therefore the most that we can glean from this statute is that some kind of notice in some manner must be given.

The record is abundantly clear that defendant company had no knowledge of the pending suit until long after judgments had been entered therein. In fact, plaintiff failed to prove that the insurer had any notice, but, by the testimony offered, did establish that it did not have notice. This situation alone requires affirmance of the judgment unless counsel for platintiffs' contention that the company waived such notice is true. We find

nothing in the record that would sustain even a fair suggestion of waiver; waiver is the intentional relinquishment of a known right and it is unmistakably clear that the company was not aware of the material facts. This negatives a waiver. The trial court in its finding stated: "It further appears that there is no evidence showing the defendant company waived any of the conditions precedent as a matter of recovery on the policy." The policy, which was in the hands of plaintiffs' counsel before bringing the action, contained the following provisions:

"Notice of Claim or Suit—Coverages A and B.

"If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons, or other processes received by him or his representative."

"Action against the Company—Coverages A, B, and C.

"No action shall lie against the Company, unless as a condition precedent thereto, there shall have been full compliance with all the terms of this policy, * * *."

The trial court also found that there was no evidence that Coughlin was driving the automobile with the permission of Wolf, the owner, at the time of the accident. It cannot be contended that from the conversation between Wolf and Mrs. Preston hereinabove set out, Mrs. Preston was given permission to delegate the use of the automobile to a third person. General permission to use a car does not carry authority to let someone else use the car; moreover, the evidence discloses that Coughlin was not using the car within the scope of permission given him by Mrs. Preston, assuming she had an implied authority to delegate the use of the automobile. The policy does not provide for coverage where the permittee was using the car on a mission of his own beyond the scope of the permission given him.

Having failed to prove that the company was given notice of the pending suit as required by the policy and the statute, and failing to prove that the company waived

the notice requirement, or that Mrs. Preston had authority to delegate the use of the automobile, the judgment of the trial court was unmistakably right and should be, and is, affirmed.