JAMES LESTER WOODRUFF v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

(Filed 19 December 1963.)

**1. Insurance § 54—**

The North Carolina Motor Vehicle Safety and Financial Responsibility Act does not require an owner's assigned risk policy to cover any vehicle except the one described in the policy, G.S. 20-279.21(b) (2), and an assigned risk policy covering in addition the use by insured of other automobiles is an additional coverage not required by the Act, and as to such additional coverage the provisions of the Act are not applicable. G.S. 20-279.21(g).

**2. Insurance § 60—**

The failure of insured under an assigned risk policy to give notice of an accident occurring while he was driving an automobile other than the one named in the policy precludes recovery by the insured or by the injured third person against insurer, even though the policy contains additional coverage if insured is driving another vehicle, since such additional coverage is not required by the Motor Vehicle Safety and Financial Responsibility Act and therefore the provisions of the Act are not applicable thereto.

**3. Pleadings §§ 12, 30—**

Where motion for judgment on the pleadings is allowed, not on the basis of the admitted facts but on the basis that the facts alleged in the complaint are insufficient to state a cause of action, the allowance of the motion is tantamount to the sustaining of a demurrer, and the action should not be dismissed, since plaintiff is entitled to amend, if so advised.

APPEAL by plaintiff from *Johnston, J.,* 4 March 1963 Session of FORSYTH.

The plaintiff received serious personal injuries in an automobile collision in Winston-Salem, North Carolina, on 10 July 1959, when the 1951 Oldsmobile he was operating was struck at a street intersection by a 1950 Oldsmobile operated by Sonny Tabor Holbrook (Holbrook).

In a previous action the plaintiff filed suit against Holbrook, the operator of the 1950 Oldsmobile, and Thomas Jefferson Billings, Carl Dean Cothren, and Winford Stanley Spicer, alleged owners of the 1950 Oldsmobile. Holbrook filed no answer, and judgment by default and inquiry was entered against him. Later, upon the inquiry, judgment was rendered in favor of the plaintiff in the sum of $22,500. The other defendants filed answer in which they denied ownership of the 1950 Oldsmobile. The cause came on for trial, and a judgment of nonsuit was rendered against the plaintiff as to defendants Billings, Cothren and Spicer. On appeal, this Court affirmed the nonsuit. See *Woodruff v. Holbrook,* 255 N.C. 740, 122 S.E. 2d 707.

The present action is against Holbrook's liability insurance carrier. Plaintiff alleges and defendant admits that on or about 20 February 1959, defendant executed and delivered a policy of insurance "under the assigned risk statute of North Carolina," in which defendant obligated itself to pay any liability Holbrook should become liable to pay by reason of the operation of the Ford automobile described in the policy, up to the limit of $5,000.

The plaintiff alleges that at the time of the accident, Holbrook was operating a 1950 two-door grey Oldsmobile, 1959 License No. NX713, Motor No. B-722034. Plaintiff further alleges upon information and belief that said automobile was not owned by Holbrook and was not provided for regular use of Holbrook or any member of his household. It is alleged that the policy issued by the defendant, "specifically the so-called 'use of other automobiles' provision," makes the defendant liable to the plaintiff for the amount of the assigned risk.

The defendant in its amended answer alleges and the plaintiff in its reply admits that the vehicle operated by Holbrook was not the 1950 Ford Coupe described in the policy.

The defendant alleges further that the policy required by the compulsory liability insurance laws and the assigned risk laws of the State of North Carolina does not require the defendant to protect any liability of Holbrook except as to the specific 1950 Ford Coupe, Serial No. BODA163549, described in the policy, and the compulsory provisions of the North Carolina Financial Responsibility Act did not apply to any automobile except the 1950 Ford. Defendant specifically pleads the exclusion appearing in Part V (d) of the policy which excludes from coverage "any automobile owned by or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse."

The amended answer pleads as its second further defense: "If the court should find that the automobile driven by Holbrook which col-

lided with the plaintiff's automobile came within the provisions of the policy issued by this company, * * * to Holbrook, which the defendant denies, then Holbrook failed to comply with the terms of the policy in that he failed to notify the defendant of the collision with plaintiff's automobile; in that he failed to notify the defendant of the institution of the action by plaintiff against him; in that he failed to forward to the defendant summons, complaint or other process received by him; in that he failed to file answer in said action and permitted judgment by default to be taken against him; in that he has failed to cooperate with the defendant to any extent whatever in the defense of the action against him and also in the defense of the present action."

In its further amendment to answer, the defendant alleges that it "has been greatly prejudiced and handicapped by the failure of Sonny Tabor Holbrook to notify it of the accident, and of the action against him, and in his failure to cooperate with the defendant in the defense of either action, in the following respects: The defendant had no opportunity to investigate the accident to learn the true facts and whether the claimant, James Lester Woodruff, was negligent in the operation of his own car; to learn the identity and ownership of the automobile driven by Holbrook; to learn the source of the body of that car, the source of the motor of that car, and the source of the license tag on that car; to learn to what extent Holbrook had previously driven the car; and to learn whether there was liability insurance on it as to which any insurance policy issued to Sonny Tabor Holbrook, even if applicable to that car, was excess insurance."

The defendant moved for judgment on the pleadings on the ground that, under the terms of the policy, Holbrook was obligated to provide defendant with notice and to assist and cooperate with defendant in the defense of plaintiff's action against him; that "the complaint and the amendment thereto do not allege such notice or cooperation," and the complaint and the amended complaint allege that Holbrook was driving an automobile other than the one described in the policy issued by the defendant; that, therefore, the compulsory provisions of the Financial Responsibility Act of 1957 do not apply to the facts in this case.

When this cause came on for hearing on the above motion, it was allowed and the action dismissed "for the reason that the complaint fails to state that the said Holbrook gave notice of the accident and failed to give notice of the suit against him, which accident and suit constitutes the basis of plaintiff's claim against the defendant herein."

From the judgment dismissing the action, plaintiff appeals, assigning error.

*Elledge & Mast; Clyde C. Randolph, Jr., for plaintiff appellant.*
*Deal, Hutchins & Minor for defendant appellee.*

DENNY, C.J. The appellant's sole assignment of error is to the ruling of the court below dismissing plaintiff's action for the reason that the complaint fails to state that the insured "gave notice of the accident and failed to give notice of the suit against him, which accident and suit constitutes the basis of plaintiff's claim against the defendant herein," and the entry of judgment in accord with said ruling.

The provisions of our Motor Vehicle Safety and Financial Responsibility Act, Article 9A, Chapter 20, of our General Statutes, provide for motor vehicle insurance carriers to issue two types of motor vehicle liability policies. "One is an owner's policy, which insures the holder against legal liability for injuries to others arising out of the ownership, use or operation of a motor vehicle owned by him; and the other is an operator's policy, which insures the holder against legal liability for injuries to others arising out of the use by him of a motor vehicle not owned by him." *Howell v. Indemnity Co.*, 237 N.C. 227, 74 S.E. 2d 610; G.S. 20-279.21 (a) (b) and (c).

The policy involved herein is an owner's policy. It was issued to Holbrook pursuant to the assigned risk statute of North Carolina, in which the defendant insurer obligated itself to pay any liability Holbrook should become liable to pay by reason of the operation of the Ford automobile described in the policy, up to the limit of $5,000. G.S. 20-279.21 (b) (2).

No violation of the provisions of an owner's policy as an assigned risk, will void the policy where the liability thereunder has been incurred by reason of the insured's operation of the automobile described in the policy. G.S. 20-279.21 (f) (1); *Swain v. Insurance Co.*, 253 N.C. 120, 116 S.E. 2d 482.

G.S. 20-279.21 (g) reads as follows: "Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such excess or additional coverage shall not be subject to the provisions of this article. With respect to a policy which grants such excess or additional coverage the term 'motor vehicle liability policy' shall apply only to that part of the coverage which is required by this section."

Our Financial Responsibility Act does not require an owner's assigned risk policy to cover any liability except that growing out of the operation of the motor vehicle described in the policy. Consequently, the coverage in the policy issued by the defendant to Holbrook with

respect to the use of other automobiles, was in addition to the coverage required by our Motor Vehicle Safety and Financial Responsibility Act. Therefore, with respect to such coverage, the policy makes the giving of notice a condition precedent to insurer's liability. "Prior and subsequent to the decision in the *MacClure* case (229 N.C. 305, 49 S.E. 2d 742), this Court has consistently held that plaintiff has the burden of showing that he has complied with those conditions precedent to his right to maintain his action." *Muncie v. Insurance Co.*, 253 N.C. 74, 116 S.E. 2d 474.

The plaintiff in this action has no greater right against the defendant insurer than Holbrook, the insured, would have. Any failure of Holbrook to give notice defeating his right to indemnity under the provision with respect to the use of other automobiles, would likewise prevent plaintiff from asserting any rights under this provision of the policy. *Muncie v. Insurance Co., supra.*

We hold that the motion interposed and allowed in the court below, was tantamount to a demurrer on the ground that the complaint did not state a cause of action against the defendant. Even so, under our decisions, we hold that it was error to dismiss the action. The plaintiff is entitled to amend his complaint, if so advised. *Leggett v. Smith-Douglass Co.*, 257 N.C. 646, 127 S.E. 2d 222, and cited cases.

Except as modified herein, the judgment entered below is affirmed.

Modified & affirmed.