Walter HAYNES and Ruth Haynes, Appellants,

v.

DAIRYLAND MUTUAL INSURANCE COMPANY, Appellee.

No. 54901.

Supreme Court of Iowa.

June 29, 1972.

Swisher & Cohrt and W. David Tyler, Waterloo, and Miller, Pearson & Gloe, Decorah, for appellants.

Brown, Kinsey & Funkhouser, Mason City, for appellee.

HARRIS, Justice.

We must decide which party should have the burden of producing evidence in a suit brought by a judgment creditor against the insurer of the judgment debtor. The dispute centers around evidence relating to conditions precedent in the policy. The trial court concluded the burden was upon the judgment creditor. We reverse.

Dairyland Mutual Insurance Co. issued a policy of insurance to Edward J. Ruhoff, a resident of Wisconsin, insuring him against liability growing out of the use of his automobile. The policy contained two conditions which are pertinent. The insured was required to "immediately forward * * * every demand, notice, summons, or other process received by him

* * *." The insured was also required to cooperate with the company and to attend hearings and trials when requested, assist in effecting settlements, securing and giving evidence in any suits. The policy also provided these requirements were conditions precedent to any action against the company and limited the right of any judgment creditor of the insured accordingly.

While driving his car when the policy was in effect, Ruhoff had a collision in Iowa with a car driven by Walter R. Haynes. A suit was brought by Haynes and his wife against Ruhoff. For simplicity we shall hereafter refer to Walter Haynes and Ruth Haynes in the singular.

Ruhoff filed a traffic charge against Haynes. Subsequently, the local Iowa sheriff unsuccessfully tried to telephone Ruhoff about a hearing date on the charge. The sheriff also called Dairyland's agent who sold the policy to Ruhoff. The sheriff then wrote Ruhoff about a hearing date and sent a subpoena. Ruhoff's attorney advised him against returning to Iowa for the hearing unless expenses were advanced, and Ruhoff did not return. Shortly thereafter, Ruhoff received notice by mail of a damage action against him brought by Haynes. Ruhoff did not appear in court in response to that notice. The Haynes took default which this court upheld. Haynes v. Ruhoff, 261 Iowa 1279, 157 N.W.2d 914.

Execution on the judgment was later returned unsatisfied. Haynes then brought this action on the policy against Dairyland. The petition alleges the matters outlined above but omits to plead performance of conditions precedent in the policy.

Dairyland filed answer in which it averred, among other things, that Ruhoff failed to notify Dairyland of the commencement of the damage action and failed to cooperate "as was required by his policy of insurance." Haynes filed reply denying Dairyland's affirmative averments.

The cause went to trial before a jury. Haynes introduced proof of the allegations in the petition but offered no evidence regarding the subject of affirmative averments in Dairyland's answer. Haynes then rested. Thereupon, Dairyland rested. Dairyland then moved for a directed verdict on the ground Haynes introduced no proof of performance of the conditions precedent regarding notice and cooperation by Ruhoff. Haynes moved for a directed verdict claiming the right to recover as a matter of law after both parties had rested. In the alternative Haynes moved he be permitted to reopen and offer additional evidence. The trial court sustained Dairyland's motion and overruled Haynes's entire motion. The trial court also overruled Haynes's subsequent motion for a new trial.

Two questions are presented. Our answer to the first makes it unnecessary for us to consider the second.

■ I. Should Haynes or Dairyland bear the burden of producing evidence of compliance or noncompliance with conditions precedent in the insurance policy? Dairyland is in possession of all information on what may or may not have transpired between itself and Ruhoff. It may well be, as suggested in argument, that Ruhoff by the time of trial had become hostile and uncooperative with Dairyland. But Dairyland was one of the parties to the transaction which is the subject of the proof in question. The company presumably kept careful files on every transaction and had them in possession. Having been one of the parties to any transaction with Ruhoff, Dairyland had firsthand knowledge thereof. This intimate knowledge would more than compensate for any disadvantage resulting from any estrangement between Dairyland and Ruhoff. The burden of proving a factual issue, or at least the burden of going forward with the evidence on that issue should rest upon the party who has possession of facts or information lacking to the other. 29 Am.Jur.2d, Evidence, section 131, page 164, 31A C.J.S. Evidence § 113, page 190.

Modern discovery techniques are sometimes urged in justification of abrogating the long established rule of law just announced. See Tortora v. Gen. Motors Corp., 373 Mich. 563, 130 N.W.2d 21. We subscribe to the rule and not to the exception. Plainly the exception should have no application in situations wherein the subject at issue is so illusive and obscure as a personal transaction between two opposing parties.

This holding in no way alters the rules announced in Henschel v. Hawkeye-Security Ins. Co., 178 N.W.2d 409 (Iowa 1970). That was an action by an insured against his own company. It is not authority for burdening Haynes with the responsibility of going forward with the evidence on the question of compliance or cooperation as a condition precedent under the policy. It is only authority for binding Haynes by reason of any noncompliance or noncooperation that may appear when the evidence is produced in the proper form and manner.

■ II. There is another compelling reason for placing the burden of producing evidence on the question upon Dairyland rather than upon Haynes. This action was pleaded in such a way as to demand it. As has been indicated Haynes did not plead performance of the conditions precedent in the policy. Dairyland alleged nonperformance as an affirmative defense. This affirmative allegation was denied in Haynes's reply.

"Ordinarily the burden of proof follows the pleading; that is, he who pleads and relies upon the affirmative of an issue must carry the burden of proving it." Rule 344(f) (5), Rules of Civil Procedure.

Opposing this fundamental principle we are cited a familiar holding that a burden is not "ordinarily" shifted by inadvertent surplusage in pleadings. See Barnes v. Gall, 251 Iowa 921, 924, 103 N.W.2d 710, 712. The situation presented in this appeal escapes the "ordinary" classification referred to. The inadvertent surplusage rule

is subject to rule 344(f) (5) quoted above. Where applicable it is intended not as a trap but as a just means of escape from a trap. If applied to the situation at hand it would become a trap. Our situation is perhaps best described at 71 C.J.S. Pleading § 563, page 1129:

" * * *

"Sometimes the failure of a complaint to allege a certain fact is held to be waived by an answer setting up that fact or alleging the opposite thereof. * * *"

The answer of Dairyland in this case did more than merely deny. It actually alleged the opposite of the very thing Dairyland now insists Haynes should have alleged in the original petition and thereafter proved at trial. Dairyland waived any objection. See Hightower Oil & Refining Co. v. Castor, Tex.Civ.App., 177 S.W.2d 311; Denver & R. G. R. Co. v. Cahill, 8 Colo.App. 158, 45 P. 285. See also Benson v. Williams, 239 Iowa 742, 32 N.W.2d 813; Verlinden v. Godberson, 238 Iowa 161, 25 N. W.2d 347.

■ It is required of a judgment creditor to stand in the position of his debtor in looking for coverage under a liability insurance policy. This requirement subjects such a creditor to any defenses which would be good against the insured debtor. It does not however place upon him the burden of going forth with evidence peculiarly within the possession of his opposing party. This is especially true where the opposing party has alleged these facts. The judgment of the trial court accordingly must be reversed.

■ III. We are left with the question of whether a new trial should be ordered upon remand. Dairyland rested before moving for the directed verdict and has not asked for a new trial. Where a motion for directed verdict is improperly sustained at the close of all evidence it is appropriate for us to remand for entry of final judgment. Sidles Co. v. Pioneer Valley Sav. Bk., 233 Iowa 1057, 1064, 8 N.W.

2d 794, 798. However it is not required we do so. In Sidles we pointed out: " * * * all material facts necessary to settle the rights of the parties were definitely established, and no good reason appears why the cause should be sent back for a retrial."

The central factual issue remains unresolved in this case. It may be argued Dairyland waived its right to present these issues by resting without offering evidence and before moving for directed verdict. This strategy is perhaps not to be recommended. Because the legal questions presented were complex and uncertain we believe the interests of justice require a new trial. The case is remanded for retrial.

Reversed and remanded.

All Justices concur except UHLENHOPP, J., who concurs specially, MASON, J., who dissents, and McCORMICK, J., who takes no part.

UHLENHOPP, Justice (concurring).

Two questions are involved. On which side rested the burden of proof as to the conditions precedent regarding notice and cooperation by Ruhoff? Should the Hayneses have been permitted to reopen and offer evidence of substantial performance or estoppel as to those conditions?

I. In the absence of special statutory provision, a third party bringing an action against an insurer on a liability insurance policy stands in the shoes of the insured, insofar as the insured's performance of conditions in the policy is concerned. 12 Couch, Insurance 2d § 45:812 at 701–702, § 45:874 at 747–749 (1964); 7 Am.Jur.2d Automobile Insurance § 225 at 574; 44 Am.Jur.2d Insurance § 1586 at 474; 46 C. J.S. Insurance § 1191c(6) at 120; Annots. 72 A.L.R. 1446, 1499, 98 A.L.R. 1465, 1484, 139 A.L.R. 771, 806. See also Ferris v. Employers Mut. Cas. Co., 255 Iowa 511, 515, 122 N.W.2d 263, 265–266 (action by third party on policy and under Iowa direct action statute—"Also, it must be pointed out that plaintiff's rights are to be measured by those of Riley [insured] as against the defendant-insurer. The statute, section 516.1, supra, and the provisions of the policy, if applicable at all here, do no more than place the plaintiff in Riley's position."). Iowa has no special statutory provision on this point. Therefore, unexcused breach of policy conditions as to notice or cooperation by the insured will bar recovery by third parties like the Hayneses.

This particular policy expressly makes compliance with the terms of the policy a "condition precedent" to an action against Dairyland. Two of those terms are notice and cooperation by Ruhoff. When compliance with the terms of a policy is expressly made a condition precedent to the insurer's liability, the burden rests on the insured to prove substantial performance of the provisions, or waiver, estoppel, excuse, or nonprejudice. Henderson v. Hawkeye-Security Ins. Co., 252 Iowa 97, 106 N.W.2d 86; Western Mutual Ins. Co. v. Baldwin, 258 Iowa 460, 137 N.W.2d 918 (insurer's declaratory judgment action against both insured and damaged third party—policy provisions same as here); Henschel v. Hawkeye-Security Ins. Co., 178 N.W.2d 409, 417 ("Henschels were therefore obliged to allege compliance with conditions precedent or to assert performance or occurrence of the conditions was waived or excused"). If the action is by the damaged third party, the burden devolves upon him to prove performance of conditions precedent by the insured or waiver, estoppel, excuse, or nonprejudice, since he occupies the insured's shoes. 12 Couch, Insurance 2d § 45:824 at 710 (1964) ("the burden of proof is on the injured party to establish all facts essential to the existence of liability to him of the insurer. He therefore has the burden of proving that all conditions precedent specified in the policy have been satisfied"). See Ewing v. Colorado Farm Mut. Cas. Co., 133 Colo. 447, 296 P.2d 1040; McFarland v. Farm Bureau Mut. Auto. Ins. Co., 201 Md. 241,

93 A.2d 551; Rose v. Regan, 344 Mass. 223, 181 N.E.2d 796; Travelers' Indem. Co. v. Holiman, 174 Miss. 220, 164 So. 36; Northwestern Mut. Ins. Co. v. Independence Mut. Ins. Co., 319 S.W.2d 898 (Mo. App.); Fisk v. Atlantic Nat. Ins. Co., 108 N.H. 353, 236 A.2d 688; Mason v. Allstate Ins. Co., 12 A.D.2d 138, 209 N.Y.S.2d 104; Woodruff v. State Farm Mut. Auto. Ins. Co., 260 N.C. 723, 133 S.E.2d 704; Muncie v. Travelers Ins. Co., 253 N.C. 74, 116 S. E.2d 474.

The burden of proof is not shifted by rule 98, Rules of Civil Procedure. The rule states that "performance of conditions precedent . . . may be pleaded as legal conclusions, without averring the facts comprising them. It shall not be sufficient to deny such averment in terms contradicting it, but the facts relied on must be stated." Under such a rule an insured or damaged third party is not required laboriously to allege performance of each condition in the policy. He may allege generally performance of conditions precedent, and the insurer then avers the conditions not complied with and the facts constituting nonperformance. The pleadings are thus shorter and more to the point. Benanti v. Delaware Ins. Co., 86 Conn. 15, 84 A. 109. But the court has recently decided that rule 98 does not change the burden of proof. Henschel v. Hawkeye-Security Ins. Co., 178 N.W.2d 409 (Iowa).

In the present petition the Hayneses did not allege performance of conditions precedent or waiver, estoppel, excuse, or nonprejudice. Dairyland did not move to dismiss as it might have done but answered averring nonperformance of the conditions as to notice and cooperation. The Hayneses replied, denying Dairyland's averments and alleging estoppel. Did these pleadings of the parties change the burden of proof?

A similar situation existed in Knapp v. Brotherhood of American Yeomen, 139 Iowa 136, 117 N.W. 298. The wife of the deceased insured sued as beneficiary under a life insurance certificate. While she alleged performance of conditions by her husband, she did not allege performance of conditions required of her. One of the latter conditions was submission to arbitration. The insurer did not plead a defense of failure to arbitrate. On first appeal, this court held that no issue as to submission to arbitration was in the case. Knapp v. Brotherhood of American Yeomen, 128 Iowa 566, 567, 105 N.W. 63, 64 ("No issue was raised by the pleadings, therefore, as to whether there had been such submission"). The judgment was reversed on other grounds, and on remand the defendant insurer amended its answer, specifically denying performance of the condition as to arbitration. On second appeal, this court held that "the burden rested on *plaintiff*, after such specific denial, to prove performance of this condition precedent or waiver thereof. . . ." 139 Iowa at 138, 117 N.W. at 299 (italics added). The decision is in point here and it is in line with the view generally held that mispleading does not ordinarily change the burden of proof. Raiche v. Standard Oil Co., 137 F.2d 446 (8th Cir.); Yazoo & M. V. R. R. v. M. Levy & Sons, 141 Miss. 199, 106 So. 525; Stephens v. Fire Ass'n of Philadelphia, 139 Mo.App. 369, 123 S.W. 63. See also Homire v. Rodgers, 74 Iowa 395, 37 N.W. 972. Thus, although Dairyland tendered the issue in its answer, the burden rested on the Hayneses to prove Ruhoff substantially performed the conditions as to notice and cooperation or that Dairyland was estopped, as the Hayneses pleaded in their reply. A case quite similar is Ewing v. Colorado Farm. Mut. Cas. Co., 133 Colo. 447, 296 P. 2d 1040.

As a result, Dairyland's motion to direct at the conclusion of the evidence was good; no evidence of substantial performance or estoppel had been introduced. Likewise, the Hayneses' motion to direct was not good. The trial court therefore ruled correctly on those motions.

II. But the Hayneses also moved at the time to reopen in order to introduce additional evidence. It is a fair assumption that when Dairyland's motion to direct was made, the Hayneses, like many litigants before them, woke up to the absence of proof of an essential element of their case. The trial court had abundant discretion to let the Hayneses reopen and try to adduce the missing proof and then to let Dairyland put in evidence. 53 Am.Jur. Trial § 123 at 109; 88 C.J.S. Trial § 104 at 217. But the court did not do so. Was the court in error in refusing to permit the Hayneses to reopen under the circumstances here? That is really the controlling question in the appeal, and it is a close one.

The Hayneses appear to have gotten into their predicament at trial because of the state of the pleadings. Normally the burden of proof is on the party who alleges a fact. Rule 344(f)(5), R.C.P. The Hayneses' petition contained no allegations regarding notice and cooperation by Ruhoff; Dairyland's answer did contain such averments. Too, the Hayneses may have been confused as to the burden of proof by the nature of the case. The suit was not by the individual who was required to perform the conditions, but by third parties.

In addition, the pleadings were filed in 1969; the opinion of this court in the Henschel case, dealing with rule 98 and the burden of pleading and proving performance of conditions precedent, was filed in June of 1970; and the trial of the present case occurred about three months after the Henschel opinion was filed. Even so, the problem would have surfaced earlier if the pleading process had proceeded in the usual manner. While the Hayneses' petition was deficient in failing to contain allegations relating to conditions precedent, Dairyland did not file a motion to dismiss. Rule 104(b), R.C.P. Dairyland was not required to do so and could raise the matter as a point of law in its answer and ask for a ruling in advance of trial. Rules 72, 105. But Dairyland did not take that course either, and instead pleaded nonperformance of conditions precedent as a matter of fact. Thus, the legal question as to the burden of pleading and proof did not arise until the motions to direct a verdict were made at trial.

If the Hayneses had deliberately withheld pleading and proving performance or estoppel as a tactical maneuver or to trap Dairyland, they would not be entitled to relief. But such does not appear to be the case. The fact appears to be that since the answer rather than the petition dealt with conditions precedent, since Henschel had not yet been decided when the pleadings were drafted, and since the present case involved a rather complicated area of civil procedure and insurance law, the Hayneses got into their fix inadvertently rather than deliberately.

A trial is a quest for the truth. Trial courts have broad discretion to reopen the evidence and this court has said, "Such discretion is to be liberally exercised." Dobler v. Bawden, 238 Iowa 76, 85, 25 N. W.2d 866, 871. See also 88 C.J.S. Trial § 104 at 218 ("The trial court has a wide discretion in passing on a motion to reopen, and such discretion is to be liberally exercised in behalf of allowing the whole case to be presented, for the best advancement of the ends of justice."). A trial court may reopen the evidence after both sides have rested and after a motion to direct a verdict has been made. Lee v. Farmers Mut. Hail Ins. Ass'n, 214 Iowa 932, 241 N.W. 403 (insured allowed to reopen twice); 53 Am.Jur. Trial § 124 at 110 ("It is common practice for the trial court to allow the case to be reopened and additional evidence introduced in order to prevent a nonsuit, where counsel for the plaintiff has omitted evidence by accident, inadvertence, or even because of a mistake as to the necessity for offering a particular witness or particular evidence.").

The motion to reopen should have been granted here. This is an exceptional case in which refusal to allow introduction of additional evidence constituted error. The

case should be remanded for another trial pursuant to rule 349, R.C.P.

MASON, Justice (dissenting).

I dissent from the majority opinion on grounds indicated in division I of the special concurring opinion of Justice Uhlenhopp.