FRED H. WHITAKER v. FISHER J. BEASLEY, JR., AND THOMAS A. SIMPSON, EXECUTORS OF THE ESTATE OF FISHER J. BEASLEY, SR., AND D. S. CROSS, A PARTNERSHIP, T/A BEASLEY-CROSS MOTOR COMPANY, AND GENERAL MOTORS CORPORATION, INCORPORATED.

(Filed 29 April, 1964.)

Trial § 7—

The purpose of a pre-trial conference is to narrow the controversy to matters actually controverted, and the court's orders thereat are interlocutory, and the court exceeds its authority in finding controverted facts and entering a final judgment.

APPEAL by plaintiff from *Walker, S. J.*, November, 1963 Session, CABARRUS Superior Court.

The plaintiff, purchaser, instituted this civil action on November 3, 1961, against General Motors Corporation, manufacturer, and Beasley-Cross Chevrolet Company, distributor-seller, for breach of warranty of a new Chevrolet automobile. The plaintiff purchased the vehicle from the distributor on February 2, 1959, in factory condition. The plaintiff alleged the vehicle was defective both in material and workmanship in specified particulars which were in breach of the defendants' warranty. On February 5, 1963, the plaintiff took a voluntary nonsuit and the same day instituted another action and filed a new complaint, alleging the defendants warranted the vehicle, including all equipment and accessories (except tires) to be free from defects both in manufacture and workmanship, when, in fact, it was seriously defective in both particulars.

Defendants, successors to Beasley-Cross Motor Company, filed answer denying all material allegations of the new complaint and by way of further defense averred the action was instituted more than three years from the date the cause accrued and thus barred by the lapse of time.

General Motors Corporation filed answer alleging it had repaired the automobile by replacing all defective parts and in making adjustments sufficient to place it in new condition. As a further defense, it pleaded the lapse of three years in bar of plaintiff's right to recover. As a second further defense, it set up the manufacturer's warranty to the dealer and its covenant to make good any defects in workmanship and material only on condition the vehicle is returned to the factory within 90 days of delivery to the original purchaser.

At a pre-trial conference on November 4, 1963, "the court does find as a fact and as a matter of law," that plaintiff failed to state a cause of action against General Motors in the first complaint; that the second complaint was a new cause of action and was barred by the statute of limitations; and, further, that G.S. 1-25 is not applicable. The court found that the other defendants were not served in the first action and the action was barred as to them. The court at this pre-trial conference, over plaintiff's objection, entered judgment of nonsuit dismissing the action. The plaintiff appealed.

*Llewellyn, MacKenzie & Llewellyn by Robert C. Llewellyn for plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman by Charles V. Tompkins, Jr., for defendant General Motors Corporation, appellee.*

*Hartsell, Hartsell & Mills by Harold H. Smith, for defendants Fisher J. Beasley, Jr., and Thomas A. Simpson, Executors of Fisher J. Beasley, Sr., and D. S. Cross, a partnership, Trading as Beasley-Cross Motor Company, appellees.*

PER CURIAM. A pre-trial conference under G.S. 1-169.1 is just what the name implies. Its purpose is to *consider* specifics mentioned in the statute; among them, motions to amend pleadings, issues, references, admissions, judicial notice, and other matters which may aid in the disposition of the cause. "7. In the discretion of the presiding judge, the hearing and determination of any motion, or the entry of any order, judgment or decree, which the presiding judge is authorized to hear, determine, or enter at term." No. 7, above quoted, fits into the framework of the pre-trial procedure. It is not a grant of authority to hear and determine disputed facts. Its order is interlocutory in nature.

*Green v. Ins. Co.*, 250 N.C. 730, 110 S.E. 2d 321. "Following the hearing the judge shall enter an order reciting the stipulations made and the action taken. Such order shall control the subsequent course of the case *unless in the discretion of the trial judge* the ends of justice require its modification. After the entry of the pre-trial order, the case shall stand for trial and may be tried at the same . . . or at a subsequent term, as ordered by the judge." (emphasis added).

In many cases, certain facts necessary to be shown to make out a complete case are actually not in dispute. These may be stipulated, narrowing the controversy to the matters actually controverted. The facts stipulated are available for inclusion in the record in case of appellate review.

From the foregoing, it is apparent the judge at the pre-trial exceeded his authority in finding facts, establishing defenses pleaded but not admitted, and in entering a final judgment in the case. That judgment is

Reversed.