JAMES W. SMITH, ELIZABETH W. SMITH AND ELIZABETH N. WALL, v. CITY OF ROCKINGHAM.

(Filed 14 December, 1966.)

1. Injunctions § 13—

In a suit to permanently enjoin a municipality from placing plaintiffs' property on an assessment roll for public improvements, defendant municipality's denial that it intended to place plaintiffs' name upon an assessment roll raises an issue of fact precluding a permanent injunction until resolution of such issue upon the trial upon the merits.

2. Municipal Corporations § 20—

G.S. 160-89 does not limit the property owner's appeal from an assessment for public improvements solely to the amount to be charged against his land, but, if the municipality's failure to comply with the statutory requirements is jurisdictional, the property owner may seek relief against a void assessment after the assessment roll is made up.

3. Injunctions § 14; Trial § 7—

A permanent injunction is an extraordinary remedy which will be granted only in those cases where adequate relief cannot be otherwise had and is a final judgment in equity which may be granted only at the final trial of the action, and it is error for the court to issue a permanent injunction upon the pretrial conference of the cause.

APPEAL by defendant from McLaughlin, J., 18 July 1966 Civil Session of RICHMOND.

Action to obtain a permanent injunction to enjoin defendant from placing plaintiffs' property on an assessment roll and assessing plaintiffs' property for improvements made.

In response to petition filed by property owners, not including the plaintiffs, the defendant undertook improvements on Stanley Avenue which abutted on plaintiffs' property. Before plaintiffs'

property was placed on an assessment roll for improvements on Stanley Avenue, this action was instituted. The plaintiffs allege, *inter alia,* that defendant failed to comply with Article 9 of the General Statutes and G.S. 143-129. The action was regularly calendared for trial at the July Civil Session, and when the case was reached, defendant's counsel moved for a pre-trial hearing. During the course of the pre-trial hearing the pleadings were read and defendant's counsel admitted that no advertisement for bids was published pursuant to G.S. 143-129. The recorded minutes show no formal adoption of resolution, and it was admitted that the resolution was not published as required by Article 9 of the General Statutes.

The defendant denied those portions of plaintiffs' pleadings which stated: "11. . . . and (defendant) now intends through its city council to prepare an assessment roll of property fronting on Stanley Avenue, including the plaintiffs' property, and assess the plaintiffs on Stanley Avenue for a total sum in excess of $5,000.00 to help pay for the improvements on Stanley Avenue. If permitted to make such assessments, the city would obtain a lien against the property of the plaintiffs for the said assessments and such lien will constitute an encumbrance upon the title of the property of the plaintiffs. . . . 13. If the defendant is permitted to place the plaintiffs' property on an assessment roll for improvements on Stanley Avenue the plaintiffs will be irreparably injured and damaged because such assessments would constitute a lien on the plaintiffs' estate thereby making it more difficult to sell. The plaintiffs are informed and believe that if they wait for an assessment roll to be made up and appeal from the decision of the City Board, they may be restricted to appeal only on the question of the amount of the assessment in view of N. C. G.S. 160-89 and therefore, if the defendant is permitted to assess their property for improvements on Stanley Avenue they will be permanently and irreparably damaged."

The court at the pre-trial conference stated that he would enter judgment for the plaintiffs, permanently enjoining defendant from assessing any of plaintiffs' property fronting on Stanley Avenue for any part of the improvements made on Stanley Avenue between February 1, 1965 and August 31, 1965. It was agreed that judgment could be entered in Richmond County during the term of court to be held on July 25, 1966, and that motions and objections could be entered at that time. Defendants appealed.

*Page & Page for plaintiffs.*

*Jones & Deane for defendant.*

BRANCH, J. The judgment entered in this cause was a final judgment, entered in equity, and should have been granted only by the *judge at the final trial of the action. Hamilton v. Icard,* 112 N.C. 589, 17 S.E. 519.

G.S. 160-90 provides: "Power to Adjust Assessment: — The governing body may correct, cancel or remit any assessment for a local improvement, and may remit, cancel or adjust the interest or penalties on any such assessment. The governing body has the power, when in its judgment there is any irregularity, omission, error or lack of jurisdiction in any of the proceedings relating thereto, to set aside the whole of the local assessment made by it, and thereupon to make a reassessment. In such case there shall be included, as a part of the costs of the public improvement involved, all interest paid or accrued on notes or certificates of indebtedness, or assessment bonds issued by the municipality to pay the expenses of such improvement. The proceeding shall be in all respects as in case of local assessments, and the reassessment shall have the same force as if it had originally been properly made."

Plaintiffs brought this action before any assessment was made or before their names were placed on an assessment roll. The defendant by virtue of G.S. 160-90 had authority to correct, cancel or remit the assessment. In its pleadings defendant denied the plaintiffs' allegation that the defendant intended to place their names on an assessment roll. This raised an issue of fact. The record does not reveal that jury trial was waived, nor that this was a proceeding referred to under G.S. 1-513.

The plaintiffs further allege that they *may* be restricted to appeal only on the question of *amount* by virtue of G.S. 160-89. This statute sets out the method of appeal under Article 9, and if defendant's failure to comply with the statute is jurisdictional, as plaintiffs allege, they do not lose their right to seek equitable relief against a *void* assessment after the assessment roll is made up. *Winston-Salem v. Smith,* 216 N.C. 1, 3 S.E. 2d 328. Thus plaintiff's mere apprehension that injury *may* occur presents a serious question as to whether plaintiffs have alleged sufficient facts to entitle them to injunctive relief at this time.

" 'It is not enough for the plaintiff to allege simply that the commission or continuance of the act will cause him injury, or serious injury, or irreparable injury; but he should allege the facts, from which the court may determine whether or not such injury will result.' McIntosh, North Carolina Practice and Procedure, § 853(2)." *Pharr v. Garibaldi,* 252 N.C. 803, 115 S.E. 2d 18.

The injunction is an extraordinary remedy and will not be granted

SMITH *v.* ROCKINGHAM.

except in cases where adequate relief cannot be had without it. *Frink v. Stewart,* 94 N.C. 484.

In the case of *Whitaker v. Beasley,* 261 N.C. 733, 136 S.E. 2d 127, this Court considered the authority of the trial judge in pre-trial hearings under G.S. 1-169.1, and stated:

"A pre-trial conference under G.S. 1-169.1 is just what the name implies. Its purpose is to *consider* specifics mentioned in the statute; among them, motions to amend pleadings, issues, references, admissions, judicial notice, and other matters which may aid in the disposition of the cause. '7. In the discretion of the presiding judge, the hearing and determination of any motion, or the entry of any order, judgment or decree, which the presiding judge is authorized to hear, determine, or enter at term.' No. 7, above quoted, fits into the framework of the pre-trial procedure. It is not a grant of authority to hear and determine disputed facts. Its order is interlocutory in nature. *Green v. Ins. Co.,* 250 N.C. 730, 110 S.E. 2d 321. 'Following the hearing the judge shall enter an order reciting the stipulations made and the action taken. Such order shall control the subsequent course of the case *unless in the discretion of the trial judge* the ends of justice require its modification. After the entry of the pre-trial order, the case shall stand for trial and may be tried at the same . . . or at a subsequent term, as ordered by the judge.' (Emphasis added).

"In many cases, certain facts necessary to be shown to make out a complete case are actually not in dispute. These may be stipulated, narrowing the controversy to the matters actually controverted. The facts stipulated are available for inclusion in the record in case of appellate review.

"From the foregoing, it is apparent the judge at the pre-trial . exceeded his authority in finding facts, establishing defenses pleaded but not admitted, *and in entering a final judgment in the case.*" (Emphasis ours)

Injunctive relief should be exercised cautiously, after thoughtful deliberation, and with a full conviction of its urgent necessity. In the instant case the trial judge found its necessity, determined issues of fact, and pronounced the final judgment at the pre-trial conference. By so doing he exceeded his authority.

The judgment entered below is reversed and vacated.

Reversed.