Amodeo v. Beverly

---

RAFFAELE AMODEO v. F. G. BEVERLY AND ANNE L. EPLER

No. 713SC631

(Filed 15 December 1971)

Appeal and Error § 6— orders appealable — pre-trial order amounting to a summary judgment

An appeal from a purported pre-trial order is treated as a petition for certiorari by the Court of Appeals and is allowed, and the Court of Appeals vacates the pre-trial order, where the order amounted to summary judgment against appellant on at least one of the issues.

APPEAL by plaintiff from *Parker, Judge,* 14 June 1971 Session of Superior Court held in CRAVEN County.

---

**Amodeo v. Beverly**

---

This case presents the following procedural quagmire. Plaintiff instituted the action on 5 August 1969. Defendant filed answer and counterclaim on 15 August 1969. On 6 May 1970 the cause came on for trial. On motion of the defendant the case was continued and counsel for the parties then went into a pre-trial conference with the judge. On 25 May 1970 the judge filed a "pre-trial opinion." On 3 June 1970 plaintiff moved to "amend the pre-trial opinion" and further moved to join an additional party. On 15 September 1970 the judge granted the motion to join an additional party and continued plaintiff's motion to amend the pre-trial opinion. On 16 June 1971 the judge denied plaintiff's motion to amend. Plaintiff appealed.

*Nelson W. Taylor for plaintiff appellant.*

*Robert G. Bowers for defendant appellee Beverly.*

VAUGHN, Judge.

Ordinarily an appeal does not lie from an interlocutory order and particularly from a pre-trial order. *Green v. Insurance Co.*, 250 N.C. 730, 110 S.E. 2d 321. However, because the purported pre-trial order in the present case amounts to summary judgment against plaintiff on at least one of the issues, we treat plaintiff's appeal as a petition for certiorari which is hereby allowed. Defendants had not moved for summary judgment and plaintiff had no notice that such was being considered. The "pre-trial opinion" filed 25 May 1970 is hereby vacated and the cause is remanded to the Superior Court of Craven County.

Vacated and remanded.

Judges BROCK and BRITT concur.