WALDO H. KNIGHT, JR. AND WIFE, NELL J. KNIGHT; FLETCHER H. KNIGHT AND WIFE, ALICE H. KNIGHT; GWENDOLYN F. BAKER AND HUSBAND, ROBERT A. BAKER, JR.; MARY SUE K. REID AND HUSBAND, JAMES M. REID, JR. v. DUKE POWER COMPANY AND WOCASAR, INC.

No. 7617SC1053

(Filed 5 October 1977)

**Appeal and Error § 6.9; Rules of Civil Procedure § 16— pretrial order on admissibility of evidence—premature appeal**

A judge's pretrial order declaring certain evidence inadmissible at the trial is an interlocutory order which is not appealable. G.S. 1A-1, Rule 16.

APPEAL by plaintiffs from *Walker, Judge.* Order entered 14 September 1976 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 22 September 1977.

On 18 April 1969 plaintiffs and others sold to Wocasar, Inc., agent for Duke Power Company, defendants, 14/15ths of a tract of land consisting of 184 acres for a total price of $47,750.00. The remaining 1/15th interest in the tract of land belonged to Jack Knight. Wocasar, Inc., defendant, as agent for Duke Power Company, defendant, further agreed with plaintiffs and others as follows:

"If Jack Knight and wife, Louise W. Knight are paid by said Wocasar, Inc., more than 1/15th of the option price of $47,750.00, then and in such event, each of the persons paid previously for the conveyance of Knight tract will be paid additional amounts proportionate to the excess over the 1/15th paid to Jack Knight and wife, Louise W. Knight."

In March of 1972 three law suits involving the same property were filed between Duke Power Company and Jack and Louise Knight: the Knights filed a trespass action and a partitioning proceeding against Duke and Duke filed a condemnation proceeding against the Knights. On 30 May 1973 consent judgments were entered and filed in each of the three cases. In the partitioning proceeding 12.3 acres of the 184 acre tract was allotted to the Knights and 172.24 acres to Duke Power Company. In the condemnation case Duke was given title to 7.87 of the Knights' 12.3 acre tract in return for $7,500.00. In the trespass case Duke consented to pay the Knights the sum of $2,500.00. Also in late May of 1973 Duke and the Knights entered into an agreement whereby the Knights were given limited access to the lake being constructed by Duke adjacent to the Knights' 4.43 acres. In their complaint filed 29 May 1975 plaintiffs allege that the 4.43 acres of lake front property allotted to Jack Knight and wife has a fair market value of $150,000 and that, pursuant to their agreement with Wocasar, Inc., they are entitled to additional payments for their share of the land pursuant to their agreement with the defendants.

A pre-trial hearing was held as part of which the parties requested the court to determine prior to trial whether plaintiffs are entitled to have the value of the 4.43 acre tract owned by Jack Knight and wife considered by the jury in calculating the additional amounts, if any, due plaintiffs under the agreement.

The court entered a pre-trial order which reads in pertinent part:

> "This court is of the opinion that the value as of 30 May, 1973, of the 4.43 acres now owned by Jack Knight and wife is NOT a proper element to be considered by the jury in calculating the answers to the ultimate issue and, furthermore, that such evidence would be prejudicial to the rights of the Defendants;

> "NOW, THEREFORE, IT IS ORDERED that the value of the 4.43 acres now owned by Jack Knight and wife shall not be introduced into evidence nor considered by the jury in calculating the answers to the issue of damages or compensation due the Plaintiffs."

Plaintiffs appealed.

*J. Bruce Morton for plaintiff appellants.*

*Griffin, Post, Deaton & Horsley by Hugh P. Griffin, Jr., and Peter M. McHugh, and William I. Ward, Jr., for defendant appellees.*

HEDRICK, Judge.

It is well-established that pre-trial orders entered pursuant to G.S. 1-169.1, now G.S. 1A-1, Rule 16, are interlocutory and unappealable. *Amodeo v. Beverly*, 13 N.C. App. 244, 184 S.E. 2d 922 (1971); *Smith v. Rockingham*, 268 N.C. 697, 151 S.E. 2d 568 (1966); *Whitaker v. Beasley*, 261 N.C. 733, 136 S.E. 2d 127 (1964); *Green v. Insurance Co.*, 250 N.C. 730, 110 S.E. 2d 321 (1959). In *Whitaker v. Beasley, supra*, at 734-5, 136 S.E. 2d at 128, our Supreme Court said:

"A pre-trial conference under G.S. 1-169.1 is just what the name implies. Its purpose is to *consider* specifics mentioned in the statute; among them, motions to amend pleadings, issues, references, admissions, judicial notice, and other matters which may aid in the disposition of the cause. . . . It is not a grant of authority to hear and determine disputed facts. Its order is interlocutory in nature. *Green v. Ins. Co.*, 250 N.C. 730, 110 S.E. 2d 321. 'Following the hearing the judge shall enter an order reciting the stipulations made and the action taken. Such order shall control the subsequent course of the case *unless in the discretion of the trial judge* the ends of justice require its modification.' "

Judge Walker's pre-trial order in this case declaring certain evidence inadmissible is clearly indeterminate and subject to later modification. Neither the judge nor the parties before trial can anticipate the various circumstances which may arise from the evidence at trial which necessarily determines the ruling of the trial judge on the admissibility or exclusion of evidence. A pre-trial ruling on the admissibility or exclusion of evidence must be treated simply as an expression of one judge's opinion based on the limited information available at the time. Appellate review of such an indeterminate opinion would result in fragmented trials and multiple appeals, and would defeat all efforts to expedite the administration of justice.

All parties cite *Highway Commission v. Nuckles*, 271 N.C. 1, 155 S.E. 2d 772 (1967), in support of their contention that Judge Walker's pre-trial order is reviewable. Suffice it to say their

reliance upon the cited case is misplaced since the cases are clearly distinguishable.

Since both parties requested the judge at the pre-trial conference to make a ruling as to the admissibility of the evidence, and both parties requested that this Court review Judge Walker's decision on its merits, we think it only fair that the cost of this purported appeal be taxed by the clerk, one half to the plaintiffs and one half to the defendants.

Appeal dismissed.

Judges VAUGHN and CLARK concur.