TRUDY MAE CAISON, BY HER GUARDIAN AD LITEM, CAROLYN H. CAISON v. NATIONWIDE INSURANCE COMPANY

No. 775DC335

(Filed 2 May 1978)

1. **Insurance § 87.2— automobile liability insurance—omnibus clause—person in lawful possession**

Where recovery within the amount of the mandatory automobile liability insurance coverage required by G.S. 20-279.21(b)(2) is sought, a plaintiff need only show lawful possession of the vehicle by the operator and is not required

to prove that the operator had the owner's permission to drive on the very trip and occasion of the collision.

2. **Insurance § 87.2— automobile liability insurance—omnibus clause—coverage exceeding mandatory coverage—proof of permission of owner**

   Automobile liability insurance coverage in excess of the mandatory coverage required by the Motor Vehicle Safety-Responsibility Act, G.S. 20-279.21(b)(2), is voluntary and controlled by the provisions of the policy rather than by those of the Act; therefore, plaintiff could recover an amount in excess of the mandatory coverage only if she established that the actual use of the vehicle at the time of the collision was with the permission of the insured or his spouse as required by the omnibus clause of the policy rather than showing only that the operator of the vehicle was in lawful possession as required by the Act.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 13 January 1977 in District Court, NEW HANOVER County. Heard in the Court of Appeals 8 February 1978.

This is an action upon an automobile liability insurance policy issued by the defendant. The plaintiff's motion for summary judgment having been granted, the defendant appealed.

The defendant, Nationwide Insurance Company, issued an automobile liability insurance policy to Delmas Edward Babson on 20 July 1973 in which a pickup truck owned by Babson was described as the insured vehicle. The limits of liability under the policy were $25,000 for bodily injury to each person and $50,000 for bodily injury for each occurrence creating liability. The expiration date of the policy was 24 June 1974. In addition to the named insured, Delmas Edward Babson, the policy provided coverage under the omnibus clause for, "any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either." When the policy was issued on 20 July 1973, the insurance coverage required by the Motor Vehicle Safety-Responsibility Act of 1953, G.S. 20-279.1 through G.S. 20-279.39 [hereinafter "the Act"], was $10,000 per person and $20,000 per occurrence.

The vehicle insured by the policy was being operated by one Larry Cliff when it was involved in a collision, on 5 April 1974, with an automobile occupied by the plaintiff, Trudy Mae Caison. An action was brought on behalf of the minor plaintiff, and a

judgment was entered in her favor in the amount of $12,000 against Larry Cliff. No judgment was entered against Babson.

The defendant paid into the office of the Clerk of Superior Court of New Hanover County the sum of $10,000 and the costs on the judgment. The plaintiff then brought this action asserting that she was entitled to recover an additional $2,000 from the defendant by virtue of its policy issued to Babson.

In her complaint, the plaintiff alleges that Larry Cliff was in lawful possession of the insured motor vehicle at the time of the collision and had the permission, express or implied, of Babson for the actual use of the vehicle at the time and place of the collision. The defendant's answer denied these allegations as well as denying further liability on the judgment against Cliff.

The defendant stipulated in the trial court that its policy issued to Babson and describing the vehicle in question was in full force and effect at the time of the collision. The defendant specifically denied, however, the allegation that Cliff had the permission of Babson for the use of the vehicle at the time and place of the collision.

The defendant filed a motion *in limine* contending that the only issue remaining for the jury was whether Cliff was in lawful possession of the Babson vehicle and had permission for its use at the time and place of the accident. By its motion the defendant requested a ruling of the trial court that evidence of the terms and conditions of the policy and of defendant's denial of liability was irrelevant and prejudicial to the defendant and should be excluded from consideration by the jury. After arguments were heard on the motion, it was denied by the trial court.

The defendant entered a stipulation that Cliff was in lawful possession of the Babson vehicle at the time of the accident, and the plaintiff moved for summary judgment. The trial court granted the plaintiff's motion and entered summary judgment in her favor in the amount of $2,000 plus interest, costs and $500 attorney's fees. From this entry of summary judgment, the defendant appealed.

*Richard Stanley, Addison Hewlett, Jr., and D. Webster Trask, for plaintiff appellee.*

*Smith, Spivey & Kendrick, by Vaiden P. Kendrick, for defendant appellant.*

MITCHELL, Judge.

The defendant first assigns as error the trial court's entry of summary judgment in favor of the plaintiff. The defendant contends that the issue of permissive use constitutes a material issue of fact between the parties which made the entry of summary judgment inappropriate.

The defendant argues that its policy of insurance issued to Babson, with policy limits of $25,000 coverage for each person involved in an accident, provided coverage "in excess of and in addition to" the $10,000 coverage required by the Act. To the extent that such coverage exceeded or added to the coverage required by the Act, the defendant contends the coverage is voluntary and is controlled by the terms of the insurance contract and not the Act.

In its judgment, the trial court made findings of fact. We find these to be harmless surplusage in the case, as summary judgment presumes that there are no material issues of fact remaining to be decided. *Hyde Insurance Agency v. Dixie Leasing Corporation*, 26 N.C. App. 138, 215 S.E. 2d 162 (1975). The trial court then concluded that, the lawful possession of the driver having been admitted, no material issue of fact remained between the parties, and the plaintiff was entitled to recovery as a matter of law.

The defendant contends, however, that the plaintiff is not entitled to recover any amount in excess of the $10,000 coverage required by G.S. 20-279.21(b)(2) unless she establishes that the actual use of the vehicle at the time of the collision was with the permission of the insured or his spouse as required by the omnibus clause of the insurance contract. The defendant, therefore, contends that the issue of permissive use remains to be decided, and summary judgment was improper.

The Act requires that specified amounts of coverage be provided in liability insurance contracts and designates those who must be covered within such limits. At the time the policy in question was issued on 20 July 1973, G.S. 20-279.21(b)(2) required automobile liability insurance policies to provide coverage of $10,000 for bodily injury or death of one person and $20,000 for bodily injury or death of two or more persons in any accident. By Section 8 of Chapter 745, 1973 North Carolina Session Laws, the

General Assembly amended that statute to increase the required coverage to $15,000 and $30,000 respectively and specifically provided that:

"This Act shall become effective January 1, 1974, and where the manner of giving proof of financial responsibility is by automobile liability policy, the same shall apply only to policies written or renewed on or after the effective date of this Act."

The policy in question in this case was written prior to the effective date of the amendment. Therefore, it was excluded from the provisions of the 1973 amendment increasing the mandatory coverage and was governed by the prior provisions requiring coverage of $10,000 per individual and $20,000 per occurrence for bodily injury or death.

The insurance policy in the case before us exceeded the required coverage of $10,000 for bodily injury to an individual and provided coverage to a maximum of $25,000 for such injuries. The defendant conceded it was liable to the plaintiff for the entire $10,000 coverage provided by the terms of G.S. 20-279.21(b)(2) and paid that amount and costs into the court. It contends, however, that the coverage provided by its policy in excess of the amount required by the statute is voluntary and controlled by the terms of the policy and not those of the Act.

The policy of insurance issued by the defendant to Babson included within its definition of an insured, "any person while using the automobile and any person or organization legally responsible for the use thereof *provided* the *actual use* of the automobile is by the Named Insured or such spouse or *with the permission of either.*" (emphasis added). If the terms of the policy control, one claiming under the policy would be required to prove that the actual use of the vehicle was with the permission of the insured or his spouse in order to be entitled to recovery of amounts in excess of coverage required by the Act.

The Act expressly provides in G.S. 20-279.21(g):

Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and such *excess or additional coverage shall not be subject to the provisions of this Article.* With

respect to a policy which grants such excess or additional coverage the term "motor vehicle liability policy" shall apply *only to that part of the coverage which is required by this section.* (emphasis added).

[2] We must determine whether the plaintiff, in seeking recovery in an amount greater than the amount of coverage required by the Act, bears the burden of proving that the operator of the vehicle was in lawful possession as required by the Act or must bear the burden of proving that the actual use was with permission of the insured as required by the policy. Since the defendant stipulated that the operator was in lawful possession, we must also determine whether these two standards differ.

[1] We have expressly held that where recovery within the amounts of the mandatory coverage required by the Act is sought, a plaintiff need show only lawful possession of the vehicle by the operator and is not required to prove that the operator had the owner's permission to drive on the very trip and occasion of the collision. *Packer v. Insurance Co.*, 28 N.C. App. 365, 221 S.E. 2d 707 (1976). In so holding we overruled dictum in *Jernigan v. Insurance Co.*, 16 N.C. App. 46, 190 S.E. 2d 866 (1972) and held that the clear intent of the legislature was that permission, express or implied, is not an essential element of lawful possession. We find the two terms are not synonymous, and parties seeking recovery under a theory of permission must meet a higher standard than those seeking recovery under a theory of mere lawful possession.

[2] In issuing its policy to Babson, the defendant provided coverage in addition to and in excess of that required by G.S. 20-279.21(b)(2). We find such additional coverage was voluntary and not controlled by the provisions of the Act. The Act specifically excludes such coverage in addition to and in excess of that required by its terms. The liability, if any, of the defendant for coverage in excess of that required by the Act must be judged according to the terms and conditions of the policy. *See, Younts v. Insurance Co.*, 281 N.C. 582, 585, 189 S.E. 2d 137, 139 (1972). We hold that the entry of summary judgment for the plaintiff by the trial court was error and must be reversed and the cause remanded in order that the contested issue of whether the operator had the permission of the insured or his spouse for the actual use of the insured vehicle may be resolved.

The defendant next assigns as error the trial court's denial of its motion *in limine*, by which the defendant sought the exclusion of evidence concerning the terms of the insurance policy and the defendant's denial of coverage. As this order is indeterminate and subject to possible modification by the trial court prior to or during trial in light of changed circumstances, we will not now consider the assignment. Instead, we deem the trial court's order interlocutory and unappealable, and the assignment is overruled. *Knight v. Power Co.*, 34 N.C. App. 218, 237 S.E. 2d 574 (1977).

The defendant next assigns as error the awarding of attorney's fees to the plaintiff by the trial court. We need not review in detail the defendant's contentions on this point. As we must reverse, no judgment for damages remains such as would authorize an order awarding attorney's fees pursuant to G.S. 6-21.1. Thus, the award of attorney's fees by the trial court must also be reversed.

For the reasons previously set forth, the judgment of the trial court must be reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

Judges VAUGHN and ERWIN concur.