TRUDY MAE CAISON, BY HER GUARDIAN AD LITEM, CAROLYN H. CAISON v. NATIONWIDE INSURANCE COMPANY

DONALD W. CAISON v. NATIONWIDE INSURANCE COMPANY

No. 795DC305

No. 795DC329

(Filed 5 February 1980)

**Insurance § 78.2— automobile liability insurance—coverage exceeding mandatory coverage—proof of permission of vehicle owner**

In an action to recover under an automobile liability policy for damages in excess of the statutory minimum liability coverage wherein the policy covered use of the insured vehicle "by the Named Insured or such spouse or with the permission of either," the evidence presented a jury question as to whether the driver of the insured vehicle had permission to use it for the actual use to which he put it at the time of the accident where the evidence showed that the vehicle owner gave the driver permission to drive the vehicle from work to his home and back to work the next morning and that the accident occurred that night in a city approximately 30 miles from the driver's home, but the evidence was conflicting as to whether the owner restricted the permission given the driver so as to exclude the trip to the city where the accident occurred.

APPEALS by defendant from *Barefoot, Judge.* Judgments entered 9 November 1978 and 19 December 1978 in District Court, NEW HANOVER County. Heard in the Court of Appeals 15 November 1979. (Appeals consolidated for purpose of hearing and determination.)

The facts of Trudy Mae Caison, by her Guardian ad Litem, Carolyn H. Caison v. Nationwide Insurance Company (the Trudy Mae Caison case) were fully presented by Judge Mitchell when this case was previously before us. *Caison v. Insurance Co.,* 36 N.C. App. 173, 243 S.E. 2d 429 (1978). We reversed the trial court's granting of summary judgment for the plaintiff and remanded the cause for trial on the issue of whether Cliff had the vehicle owner's permission to take the vehicle for the actual use in which it was engaged at the time of the accident. On remand, the trial court denied plaintiff's motion for a directed verdict after plaintiff had presented all of her evidence and again at the close of defendant's evidence. However, the record discloses that

after denial of her second motion for a directed verdict, plaintiff moved for summary judgment. This motion was granted by the court, which recited in the judgment that plaintiff's motion for summary judgment was, "also considered as a motion for a directed verdict." Defendant appeals from this judgment.

The case of *Donald W. Caison v. Nationwide Insurance Company* involves the same accident out of which the above suit arose. In this suit the father of Trudy Mae Caison is suing the defendant to recover under a judgment he received against Larry Bryant Cliff in the amount of $2,284.55 for medical expenses he incurred in Trudy Mae's behalf. The trial court granted plaintiff's motion for summary judgment based on the pleadings, stipulations, and pre-trial order in the record of the Trudy Mae Caison case. Defendant appeals from this judgment as well. Since both cases present the identical quesiton concerning whether Cliff had the "permission" of the vehicle's owner under the omnibus clause of the insurance policy at the time of the accident, we decide both of these cases in this opinion.

*Addison Hewlett, Jr., for the plaintiff appellees.*

*Smith & Kendrick, by Vaiden P. Kendrick, and Robert Gardner, for the defendant appellant.*

WELLS, Judge.

We treat the trial court's granting of plaintiff's motion for summary judgment, after all of the evidence was presented at trial in the Trudy Mae Caison case, which recited that the motion was also considered one for a directed verdict, as a reversal by the trial court of the decision it had just rendered to deny plaintiff's motion for a directed verdict. *Cf., Creasman v. Savings & Loan Ass'n.*, 279 N.C. 361, 183 S.E. 2d 115 (1971), *cert. denied*, 405 U.S. 977, 31 L.Ed. 2d 252, 92 S.Ct. 1204 (1972) (motion for involuntary dismissal under Rule 41(b) in jury case properly treated as one for a directed verdict); *Wheeler v. Denton*, 9 N.C. App. 167, 175 S.E. 2d 769 (1970) (motion for nonsuit in civil trial treated as one for a directed verdict). The criteria for determining whether the trial court properly granted plaintiff's motion for a directed verdict in the Trudy Mae Caison case and plaintiff's motion for summary judgment in the Donald W. Caison case are the same: The court's granting of both motions may be sustained only if the

evidence before the court failed to show that a material issue of fact existed for the trier of fact to resolve. *See, Dendy v. Watkins,* 288 N.C. 447, 219 S.E. 2d 214 (1975); *Insurance Co. v. Bank,* 36 N.C. App. 18, 244 S.E. 2d 264 (1978).

There is no dispute here that Babson, the truck's owner, gave Cliff, his employee, permission on 5 April 1974 to drive the truck from work to Cliff's home and back to work the next morning. The accident occurred that night in Wilmington, North Carolina, a distance of approximately thirty miles from Cliff's home. The evidence is conflicting, however, as to whether Babson gave Cliff permission to use the truck for any purpose other than to drive between home and work, including the trip to Wilmington to pick up a television set for Cliff. Babson testified at trial and stated in his deposition that he told Cliff his permission to use the truck was limited to the trip between home and work. Accordingly, unless we were to hold that, at the time of the accident, the limited permission given Cliff by Babson to use the truck only for trips between work and home constituted "permission", within the meaning of the omnibus clause, for any use made of the vehicle by Cliff, the judgments for the plaintiffs may not stand.

In *Caison v. Insurance Co.,* 36 N.C. App. 173, 243 S.E. 2d 429 (1978) we held that the provisions of the Motor Vehicle Safety-Responsibility Act, G.S. 20-279.1, *et seq.,* which require coverage of all persons having "lawful possession" of the insured vehicle, do not apply to coverage obtained by the insured in excess of the statutory minimum. G.S. 20-279.21(g). We stated in *Caison* that coverage with respect to such excess should be determined under the terms and conditions of the policy. It has been stated that this interpretation of the law encourages insurers to offer such additional insurance by enabling them to restrict the class of persons covered. *See,* Comment, *Survey of Developments in North Carolina Law, 1978,* 57 N.C.L. REV. 827, 872, 873 (1979).

The policy in question here covered use of the vehicle by any person, "provided the actual use of the automobile is by the Named Insured or such spouse or with the permission of either." The meaning of this phrase was before us previously in *Caison, supra.* The trial court has overlooked the significance of that opinion. It is clear that, as stated by Judge Mitchell, the terms "law-

ful possession" and "permission" are not synonymous in their meaning or legal effect. We concluded in *Caison*, 36 N.C. App. at 178, 243 S.E. 2d at 432:

> We hold that the entry of summary judgment for the plaintiff by the trial court was error and must be reversed and the cause remanded in order that the contested issue of whether the operator had the permission of the insured or his spouse for the actual use of the insured vehicle may be resolved.

As this is the second time this litigation has been before us and there must be yet another trial, we emphasize for clarity that, under the terms of the omnibus clause, the question to be determined is not only whether the driver had initial permission to use the vehicle, but whether he had permission to use it for the actual use to which he put it at the time of the accident. Of course, we recognize that factual circumstances will always control. For instance, if the permission granted is general in nature, then specific trip permission would not have to be shown. To invoke coverage where permission is at issue, the fact to be found is *whether the use in question falls within the scope of the express or implied permission granted.* This is what we mean by "actual use" with "permission."

Plaintiff urges us to adopt the so-called liberal rule on permission. *See, Hawley v. Insurance Co.*, 257 N.C. 381, 126 S.E. 2d 161 (1962); *Packer v. Insurance Co.*, 28 N.C. App. 365, 221 S.E. 2d 707 (1976). This is not our prerogative. As we noted in *Packer*, the General Assembly adopted the "liberal" rule as to the statutory coverage. However, from the enactment of G.S. 20-279.21(g) it is equally clear that the General Assembly did not intend to extend the "liberal" rule to coverage in excess of or additional to the required statutory coverage. For us to adopt plaintiff's position, we would have to ignore the distinction between G.S. 20-279.21(b)(2) and G.S. 20-279.21(g). Again, that question was settled in *Caison, supra.* The distinction is there and we are bound by it.

There is conflicting evidence as to whether Babson restricted the permission given Cliff so as to exclude the trip to Wilmington. It is for the jury to determine whether, at the time of the accident, Cliff's actual use of the truck occurred within the scope of express or implied permission given by Babson.

In *Trudy Mae Caison v. Nationwide Insurance Company,*

New trial;

In *Donald W. Caison v. Nationwide Insurance Company,*

Reversed.

Judges HEDRICK and MARTIN (Robert M.) concur.