AMERICAN TOURS, INC. v. LIBERTY MUTUAL INSURANCE COMPANY, A
CORPORATION, AND EMPIRE INSURANCE COMPANY, A CORPORATION

No. 8326SC91

(Filed 5 June 1984)

**Insurance § 87— underaged daughter as agent of lessee of leased vehicle—liability
of insurance company on policy**

The trial court properly found in a declaratory judgment action to deter-
mine the liability of defendant on a policy of automobile liability insurance that
the lessee's daughter was acting as agent of her father at the time of an acci-
dent although the lessee violated the terms of the lease by allowing her to
drive the vehicle, and defendant was liable for the full amount of the coverage
provided. G.S. 20-279.21(g) and G.S. 20-281.

APPEAL by defendant Liberty Mutual Insurance Company
from *Gaines, Judge*. Judgment entered 20 October 1982 in
Superior Court, MECKLENBURG County. Heard in the Court of Ap-
peals 9 December 1983.

This is a declaratory judgment action to determine the liabili-
ty of Liberty Mutual Insurance company on a policy of automobile
liability insurance. The parties stipulated to the following facts.
Borough Leasing Company is in the business of leasing automo-
biles. Liberty Mutual issued an automobile liability insurance
policy to Borough which provided that additional assureds includ-
ed Borough and its "lessees and rentees." Borough leased an
automobile to Robert Mobley. The lease agreement provided that
in no event would the vehicle be used by anyone who is not 21
years of age.

On 11 August 1977, Robert Mobley was driving a truck for
his employer. On that date, he directed his 19-year-old daughter
Beverly Mobley Ham to follow him in the leased vehicle from his
home to his place of employment so that he would have a way to
return home. Beverly Mobley Ham was involved in an accident
with a vehicle owned by the plaintiff as she was following her
father. The plaintiff recovered a judgment for $25,868.00 for prop-
erty damage against Beverly Mobley Ham. The defendant refused
to pay this judgment.

The court found that Robert Mobley was a "rentee or lessee"
of the vehicle and Beverly Mobley Ham was acting as agent of

her father at the time of the accident although he violated the terms of the lease by allowing her to drive the vehicle. Judgment for $25,000.00, the full extent of the policy coverage, was entered against Liberty Mutual. Liberty Mutual appealed.

*Myers, Ray and Myers, by R. Lee Myers, for plaintiff appellee.*

*Golding, Crews, Meekins, Gordon and Gray, by John G. Golding and David N. Allen, for defendant appellant Liberty Mutual Insurance Company.*

WEBB, Judge.

We affirm the judgment of the superior court. At the time of the accident G.S. 20-281 provided in part:

"From and after July 1, 1953, it shall be unlawful for any person, firm or corporation to engage in the business of renting or leasing motor vehicles to the public for operation by the rentee or lessee unless such person, firm or corporation has secured insurance for his own liability and that of his rentee or lessee, in such an amount as is hereinafter provided, . . . . Each such motor vehicle leased or rented must be covered by a policy of liability insurance insuring the owner and rentee or lessee and their agents and employees while in the performance of their duties against loss from any liability imposed by law for damages . . . subject to the following minimum limits: . . . five thousand dollars ($5,000) because of injury to or destruction of property of others in any one accident."

Pursuant to the requirement of the statute, Liberty Mutual provided a liability policy to Borough. The policy does not say that agents of lessees are covered. So far as we can determine, there has been no case which has dealt with the question of whether the requirements of G.S. 20-281 are a part of an automobile lessor's liability insurance policy. In interpreting G.S. 20-279.21, our Supreme Court said "the provisions of a statute applicable to insurance policies are a part of the policy to the same extent as if therein written . . . ." *Insurance Co. v. Casualty Co.*, 283 N.C. 87, 91, 194 S.E. 2d 834, 837 (1973). We see no reason why this rule should not apply to G.S. 20-281. We hold that the statu-

tory requirement of G.S. 20-281 that an automobile lessor's liability policy covers agents of the lessee is a part of the policy issued by Liberty Mutual to Borough, and an agent of Mr. Mobley at the time of the accident was covered.

The superior court concluded that Beverly Mobley Ham was an agent of Robert Mobley at the time of the accident. We believe this conclusion is correct. In driving the vehicle to his place of employment she was acting on his behalf and subject to his control. *See* Restatement (Second) of Agency § 1 (1958) for a definition of agency. If she was his agent, she was covered by the policy although Mr. Mobley violated the terms of the lease by letting her drive the automobile.

The defendant argues that G.S. 20-281 does not apply to agents of a lessee. The defendant says the first sentence of the statute defines the required coverage and it does not include agents of the lessee. It contends that to read the second sentence of the statute to require that agents of a lessee be covered interprets the statute to hold that the legislature gives a direct statement of purpose in the first sentence and materially alters the purpose in the second sentence. We do not believe the two sentences are in conflict. As we read them, the second sentence prescribes in more detail the coverage required by the first sentence.

The defendant also argues that the superior court erred in holding that Beverly Mobley Ham was the agent of Mr. Mobley at the time of the accident. It contends he knew he was violating the terms of the lease agreement when he allowed a person under 21 years of age to drive the automobile. We do not believe the fact that Mr. Mobley knowingly violated the terms of the lease agreement kept his daughter from being his agent if she otherwise fit the description. The defendant contends further that allowing Mr. Mobley to create an agency with his daughter broadens the scope of the coverage. We do not believe this is correct. If the policy covers agents of the lessee, its scope is not broadened when an agent is covered. The defendant argues further that it should be against public policy to allow Mr. Mobley to better himself by breaching his contract. There is also a policy against uninsured automobiles being on the highway. If the interpretation of the statute and insurance contract is to be based on policy, we believe this policy should prevail.

Finally, the defendant argues that if it is to be liable it should only be liable in the amount of $5,000, the statutory minimum at the time of the accident. It relies on *Woodruff v. Insurance Co.*, 260 N.C. 723, 133 S.E. 2d 704 (1963) and *Caison v. Insurance Co.*, 36 N.C. App. 173, 243 S.E. 2d 429 (1978), *later appealed*, 45 N.C. App. 30, 262 S.E. 2d 296 (1980). In each of those cases the insurance company had provided coverage in excess of that required by Chapter 20, Article 9A of the General Statutes. G.S. 20-279.21(g) provides specifically that any coverage which a policy provides in excess of or in addition to required coverage shall not be subject to the provisions of Article 9A. Relying on G.S. 20-279.21(g), the Courts in *Woodruff* and *Caison* held that as to excess coverage, the terms of the policy and not the statutory provision should govern. G.S. 20-281, which controls this case, is a part of Article 11 of Chapter 20. G.S. 20-279.21(g) does not apply to it. We have held that Liberty Mutual has provided coverage to Beverly Mobley Ham. We hold that Liberty Mutual is liable for the full amount of coverage provided.

*Insurance Co. v. Broughton*, 283 N.C. 309, 196 S.E. 2d 243 (1973) deals with G.S. 20-281 but there is not a question of agency involved in that case. It has no application to this case.

Affirmed.

Judges WELLS and WHICHARD concur.