THE AETNA CASUALTY AND SURETY COMPANY AND THE WALNUT CIRCLE PRESS, INC. v. ROBINETTE SKEEN YOUNTS, VOY SKEEN, TERESA STANLEY, ADMINISTRATRIX OF THE ESTATE OF WILLIAM BOYD STANLEY, DECEASED, TERESA STANLEY, AND ROGER BARNES

No. 8618SC858

(Filed 17 February 1987)

1. **Insurance § 87.3— automobile liability insurance—car provided by employer—car driven by employee's children—permission of employer**

    In an action to recover under an automobile insurance policy the evidence was sufficient to support the trial court's findings of fact that defendant father was given the auto in question as a fringe benefit of his job; plaintiff employer never restricted or limited the business or personal use of the vehicle in question by defendant father; on various occasions before the accident in question, defendant father and his family members used the auto for personal purposes in the good faith belief that such use was not in violation of any law, contractual obligation or prohibition of plaintiff employer; defendant father had informed plaintiff employer that his children had occasionally used the auto for personal purposes; and at no time prior to the accident did plaintiff employer expressly tell defendant to discontinue his personal use of the vehicle or to prohibit further use by his children.

2. **Insurance § 87.2— automobile liability insurance—car provided by employer—car driven by employee's daughter—permission of employer**

    In an action to recover under an automobile insurance policy the trial court's findings of fact that on various occasions prior to the accident in question defendant employee and his family members had used the auto in question for personal purposes, that defendant explicitly informed plaintiff that his daughter had made personal use of the auto, and that plaintiff never instructed defendant to discontinue his personal use of the auto or to prohibit any further use by his daughter permitted the inference drawn by the court that at the time of the collision, the daughter was driving with the implied permission of plaintiff employer. Since the driver had the "permission" of the vehicle's owner under the omnibus clause of the policy at the time of the collision, there was full coverage.

---

Aetna Casualty and Surety Co. v. Younts

---

APPEAL by plaintiffs from *Wood, Judge*. Judgment entered 15 May 1986 in GUILFORD County Superior Court. Heard in the Court of Appeals 14 January 1987.

On 1 October 1984, plaintiff, Aetna Casualty and Surety Company (Aetna), issued an insurance policy to plaintiff, Walnut Circle Press, Inc. (Walnut), affording certain motor vehicles liability insurance coverage in the amount of $1,000,000. One of the vehicles covered was a 1980 VW Dasher owned by Walnut.

Defendant Voy Skeen became employed by Walnut in 1980. In February 1984 Mr. Skeen was promoted to the position of production manager. Walnut provided Mr. Skeen with the use of the Dasher as a fringe or employee benefit. Walnut allowed Mr. Skeen the use of the Dasher "to ride back and forth to work . . . with the understanding that during the day the car was at the complete disposal and use of the company for company business."

Mr. Skeen drove the Dasher home daily where it was parked in the driveway of his residence with other family cars. Mr. Skeen owned a Ford, his wife owned a Chevrolet, and his son Phillip owned a Mustang. Mr. Skeen usually drove the Dasher or his Ford. In addition to driving the Dasher to and from work, Mr. Skeen occasionally made use of it for personal errands and trips from his home.

Mr. Skeen's daughter, defendant Robin Younts, lived with her parents and did not own a car. Ms. Younts usually drove her father's Ford, but she also drove the Dasher to various places including local stores and her place of employment. Mr. Skeen's son, Phillip, made similar use of the Dasher on occasion.

On 26 January and 22 February 1985, Walnut held management meetings to discuss various corporate matters including the topic of corporate liability for personal use of a company-owned vehicle. At one of these meetings Mr. Skeen informed Bruce Clapper, President of Walnut, and Jerry Clapper, Secretary of Walnut, that his son and daughter had used the Dasher for personal purposes on occasion. Despite this revelation, no one at Walnut told Mr. Skeen to discontinue his own personal use of the Dasher or to prohibit any further use by his children.

On 5 May 1985, Ms. Younts drove the Dasher to a concert which she attended with a friend. After the concert, she was in-

volved in a collision with another vehicle while she was driving the Dasher. William Boyd Stanley was killed in this accident and both defendant Teresa Stanley and defendant Roger Barnes were seriously injured.

Plaintiffs brought this action to obtain a declaratory judgment determining, *inter alia*, that the policy issued to Walnut covering the Dasher "provides no coverage for any of the injuries or deaths arising out of the collision on 5 May 1985. . . ." The case was tried before the trial court sitting without a jury.

After making findings of fact, the court made the following conclusions of law:

17. That on May 5, 1985, the defendant, Voya Robinette Skeen Younts was in lawful possession of a 1980 VW Dasher, identification number 33A0193203, owned by the plaintiff, The Walnut Circle Press, Inc.

18. That the plaintiff, The Walnut Circle Press, Inc. had knowledge of the previous personal use of the 1980 VW Dasher by the defendant, Voya Robinette Skeen Younts.

19. That the failure of the plaintiff, The Walnut Circle Press, Inc., to object to or prohibit such personal use of the 1980 VW Dasher by the defendant, Voya Robinette Skeen Younts constituted acquiescence to such use by the plaintiff.

20. That the knowledge of and acquiescence by the plaintiff, The Walnut Circle Press, Inc., to the previous personal uses of the 1980 VW Dasher by the defendant, Voya Robinette Skeen Younts constituted the implied permission of the owner to the use of the 1980 VW Dasher by Voya Robinette Skeen Younts on May 5, 1985; and at the time of this collision Voya Robinette Skeen Younts was driving the 1980 VW Dasher with the permission of The Walnut Circle Press, Inc.

21. That Voya Robinette Skeen Younts was an insured driver under the terms of The Aetna Casualty & Surety Company policy . . . on May 5, 1985.

22. That coverage in the amount of $1,000,000.00 is provided under the terms of The Aetna . . . policy . . . issued to The Walnut Circle Press, Inc. for any of the injuries, deaths, damages, claims or liabilities arising out of the collision on

May 5, 1985 between the 1980 VW Dasher owned by The Walnut Circle Press, Inc. and operated by Voya Robinette Skeen Younts and the vehicle operated by William Boyd Stanley, deceased.

Based on these conclusions the court entered a judgment for defendants which decrees that the policy provides coverage "for any injuries, deaths, claims or liabilities arising out of the [5 May 1985] collision . . . ." Plaintiffs appealed.

*Smith, Helms, Mulliss & Moore, by J. Donald Cowan, Jr. and Caroline Hudson, for plaintiff-appellants.*

*Bretzmann & Bruner, by Joseph E. Bruner, for defendant-appellee Robinette Skeen Younts.*

*Haworth, Riggs, Kuhn, Haworth & Miller, by William B. Haworth, for defendant-appellee Voy Skeen.*

*C. Thomas Ross and William W. Walker, for defendant-appellee Teresa Stanley, individually, and as administratrix of the estate of William Boyd Stanley.*

*Wyatt, Early, Harris, Wheeler & Hauser, by Frank B. Wyatt and James R. Hundley, for defendant-appellee Roger Barnes.*

WELLS, Judge.

[1] Plaintiffs contend that the court erroneously made findings of fact which are not supported by the evidence. The court found, in pertinent part, that:

10. The defendant, Voy Skeen, was promoted to the position of production manager by the plaintiff, The Walnut Circle Press, Inc. in 1984. At the time of his promotion, he was provided as a fringe benefit the use of a 1980 VW Dasher . . . for business and personal use by the President of The Walnut Circle Press, Inc., Bruce Warner Clapper.

The Walnut Circle Press, Inc. never restricted or limited the business or personal use of the 1980 VW Dasher by the defendant, Voy Skeen.

11. On various occasions before May 5, 1985 Voy Skeen and his family members had used the 1980 VW Dasher for

personal purposes. Both Voy Skeen and his family members had the good faith belief that such use was not in violation of any law, contractual obligation, or prohibition of The Walnut Circle Press, Inc.

12. The defendant, Voya Robinette Skeen Younts, resided in the home of her father, Voy Skeen, on May 5, 1985. Ms. Younts had made personal uses of the 1980 VW Dasher on several occasions prior to May 5, 1985.

13. On January 26 and February 22, 1985, the plaintiff, The Walnut Circle Press, Inc. held management meetings to discuss various corporate matters. At one of these meetings, the defendant, Voy Skeen, explicitly informed the President of The Walnut Circle Press, Inc., Bruce Clapper and his wife Jerry Clapper, Secretary of The Walnut Circle Press, Inc., that his daughter, Voya Robinette Skeen Younts, on occasions used the 1980 VW Dasher for personal purposes.

14. At no time prior to May 5, 1985 was the defendant, Voy Skeen, expressly told by the plaintiff, The Walnut Circle Press, Inc., to discontinue his personal use of the 1980 VW Dasher or to prohibit any further use by his daughter, Voya Robinette Skeen Younts.

15. On May 5, 1985, Voya Robinette Younts was driving the 1980 VW Dasher owned by The Walnut Circle Press, Inc., with the good faith belief that she had permission to do so, on Skeet Club Road in Guilford County, North Carolina, when she collided with an automobile operated by William Boyd Stanley in which Teresa Stanley was a passenger.

Plaintiffs contend findings #10, 11, 12, 14 and 15 are not supported by the evidence. We disagree.

When the trial court sits without a jury, as it did here,

the court's findings of fact have the force and effect of a verdict by a jury and are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary. . . . The trial judge acts as both judge and jury and considers and weighs all the *competent* evidence before him. . . . If different inferences may be drawn from the evidence, he determines which inferences

shall be drawn and which shall be rejected. . . . "There is no difference in this respect in the trial of an action upon the facts without a jury under Rule 52(a)(1) and a trial upon waiver of jury trial under former G.S. 1-185. Findings of fact made by the court which resolve conflicts in the evidence are binding on appellate courts." (Citations omitted.)

*Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975).

Defendants presented evidence that:

Mr. Skeen was provided with the Dasher at the time of his promotion as a fringe benefit to help him out on his travel expenses to and from work. There was no written company policy regarding the use of company cars, and Walnut placed no restrictions on Mr. Skeen's business or personal use of the car. Mr. Skeen drove the Dasher to and from work and also used it to run personal errands. Robin Younts used the Dasher on several occasions to drive to local stores and to drive to her place of employment. Both Mr. Skeen and Ms. Younts testified that they had the good faith belief that such personal use of the Dasher was with the permission of Walnut.

Mr. Skeen explicitly informed Walnut at one of the two Walnut management meetings in January and February of 1985 that his daughter, Robin, and his son, Phillip, had used the Dasher for personal purposes on occasion. Mr. Skeen had no further discussions with Walnut regarding personal use of the Dasher after these management meetings. Even after Mr. Skeen informed Walnut of personal use of the Dasher by his children, Walnut did not place any restrictions on the use of the car.

We hold that the foregoing evidence supports the court's findings of fact #10 through #15. *See Williams, supra.* Accordingly, these contentions are rejected.

Plaintiffs additionally contend that the court erred in failing to make specific findings of fact concerning the actual use of the Dasher by Ms. Younts. However, the court is not required to find all the facts shown by the evidence so long as it finds enough material facts to support the judgment. *In re Custody of Stancil,* 10 N.C. App. 545, 179 S.E. 2d 844 (1971). For the reasons discussed *infra,* we hold that the court here did find enough material facts to support the judgment. These contentions are rejected.

[2]   Plaintiffs contend the court erred in concluding that Robin Younts was in lawful possession of the Dasher on the day of the collision. We disagree.

N.C. Gen. Stat. § 20-279.2(b)(2) provides:

> (b) Such owner's policy of liability insurance:
>
> . . .
>
> (2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, or any other persons in lawful possession, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: twenty-five thousand dollars ($25,000) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, fifty thousand dollars ($50,000) because of bodily injury to or death of two or more persons in any one accident, and ten thousand dollars ($10,000) because of injury to or destruction of property of others in any one accident . . . .

This provision of the Financial Responsibility Act (the Act) requires that specified amounts of coverage be provided in liability insurance contracts and designates those who must be covered within such limits. *Caison v. Insurance Co.*, 36 N.C. App. 173, 243 S.E. 2d 429 (1978). When recovery is sought within the amount of the mandatory liability insurance coverage required by G.S. § 20-279.21(b)(2), a party need only show lawful possession of the vehicle by the operator and is not required to prove that the operator had the owner's permission to drive on the very trip and occasion of the collision. *Id.* The question of lawful possession has been mooted in this case by our concurrence, *infra*, in the trial court's findings and conclusion that the insured vehicle was being operated with the implied consent of the owner at the time of the collision. We note, nevertheless, that the trial court's findings and conclusions clearly establish that Ms. Younts was in lawful possession of the insured vehicle at the time of the collision. We now

address the question whether there is coverage for the full amount of $1,000,000 under the terms of the policy. In general, liability insurance coverage in excess of the amounts required under G.S. § 20-279.21(b)(2) is voluntary and not controlled by the provisions of the Act. *Caison, supra.* G.S. § 20-279.21(g) specifically excludes such coverage in addition to and in excess of that required by G.S. § 20-279.21(b)(2). *See id.* Aetna's liability, if any, for coverage in excess of that required by the Act must be judged according to the terms and conditions of the policy. *See id.*

The policy here provides in pertinent part:

D. WHO IS INSURED:

(1) *You* are an *insured* for any covered *auto.*

(2) Anyone else is an *insured* while using with *your* permission a covered *auto you* own, hire, or borrow except:

(a) The owner of a covered *auto you* hire or borrow from one of *your* employees or a member of his or her household.

(b) Someone using a covered *auto* while he or she is working in a business of selling, servicing, repairing or parking *autos* unless that business is *yours.*

(c) Anyone other than *your* employees, a lessee or borrower or any of their employees, while moving property to or from a covered *auto.*

Plaintiffs contend the court erroneously concluded that Ms. Younts was using the Dasher with the implied permission of Walnut on the date of the collision. We disagree.

First, we note that this disputed "conclusion" by the trial court may be more properly considered as a finding of fact to support the conclusion of coverage. In this context, we look for guidance to the decision of our Supreme Court in *Bailey v. Insurance Co.*, 265 N.C. 675, 144 S.E. 2d 898 (1965) and the decision of this Court in *Caison v. Insurance Co.*, 45 N.C. App. 30, 262 S.E. 2d 296 (1980). In *Bailey*, the Court stated:

The owner's permission for the use of the insured vehicle may be expressed or, under certain circumstances, it may

be inferred. "Where express permission is relied upon it must be of an affirmative character, directly and distinctly stated, clear and outspoken, and not merely implied or left to inference. On the other hand, implied permission involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent." (Citations omitted.)

In *Caison*, we stated the proposition as follows: "[t]o invoke coverage where permission is at issue, the fact to be found is *whether the use in question falls within the scope of the express or implied permission granted* (emphasis in original)."

Applying the foregoing principles to the instant case, we hold that the trial court's findings of fact that on various occasions prior to 5 May 1985 Mr. Skeen and his family members had used the Dasher for personal purposes, that Mr. Skeen explicitly informed Walnut that Ms. Younts had made personal use of the Dasher, and, finally, that Walnut never instructed Mr. Skeen to discontinue his personal use of the Dasher or to prohibit any further use by Ms. Younts permits the inference drawn by the court that at the time of the collision, Ms. Younts was driving the Dasher with the implied permission of Walnut.

We thus hold that the court did not err in finding or concluding that "the knowledge and acquiescence by [Walnut] to the previous personal uses of the [Dasher] by [Ms.] Younts constituted the implied permission of the owner to the use of the [Dasher] by [Ms.] Younts on May 5, 1985 . . . at the time of this collision. . . ." Accordingly, since Ms. Younts had the "permission" of the vehicle's owner, Walnut, under the omnibus clause of the policy at the time of the collision, there is full coverage.

For the foregoing reasons, the judgment of the trial court decreeing full coverage under the terms of the policy is

Affirmed.

Judges EAGLES and GREENE concur.