MARY E. HEDGEPETH, GUARDIAN OF CORA HAITH v. HOME SAVINGS AND
LOAN ASSOCIATION

No. 8715SC224

(Filed 17 November 1987)

**Principal and Agent § 1— power of attorney—incompetent principal—note and
deed of trust valid**

> In an action by the guardian of an incompetent to annul a note and deed
> of trust, the trial court did not err by upholding the validity of the note and
> deed of trust where the defendant contracted solely with the attorney-in-fact
> in reliance on the recorded power of attorney and there was sufficient
> evidence to support the trial court's finding that all of the requirements of
> *Chesson v. Insurance Company,* 269 N.C. 98, had been met. A power of at-
> torney executed by a non-adjudicated incompetent should be considered
> voidable and not *void ab initio.*

APPEAL by plaintiff from *Lee, Judge.* Judgment entered 29
October 1986 in Superior Court, CHATHAM County. Heard in the
Court of Appeals 28 September 1987.

Plaintiff brings this action on behalf of her mother and ward,
Cora M. Haith. On 11 February 1981, Mrs. Haith executed a dur-
able power of attorney appointing her now deceased son, James
H. Haith, attorney-in-fact with power to convey or encumber her
real property. On 9 May 1983, pursuant to the power of attorney,
James Haith executed a promissory note and deed of trust in fa-
vor of defendant in the amount of $19,000. The loan was intended
to refinance an existing mortgage and to finance remodeling.

Plaintiff was appointed guardian after her mother was ad-
judicated incompetent on 9 September 1985.

Plaintiff filed suit to have the note and deed of trust annulled
for failure of consideration. She alleged, and the trial court found,
that Mrs. Haith was totally incompetent by reason of unsound
mind when she signed the power of attorney and when her son
executed the note and deed of trust. Plaintiff claims her now
deceased brother, James H. Haith, received the loan proceeds but
did not apply them to their mother's benefit.

At trial defendant argued it had no knowledge of Mrs.
Haith's incompetency nor reason to inquire about her mental
state. The testimony showed defendant had extended eight loans

to Mrs. Haith, the first of which was made in 1955 for the purpose of buying the lot upon which Mrs. Haith's residence is located and to finance its construction. All of these loans were secured by a lien on the property. James Haith as attorney-in-fact negotiated four of these loans.

The trial court found defendant had satisfied each of the five requirements which must be proven in order to enforce the written contract of an incompetent, and upheld the validity of the note and deed of trust. From this decision, plaintiff appeals.

*Gunn & Messick, by Paul S. Messick, Jr., attorney for plaintiff-appellant.*

*L. T. Dark, Jr., attorney for defendant-appellee.*

ORR, Judge.

It is well established in our state that a contract executed by an incompetent prior to being so adjudicated, is voidable and not *void ab initio. Reynolds v. Earley,* 241 N.C. 521, 85 S.E. 2d 904 (1955). The party contracting with an incompetent may nevertheless enforce the agreement if the following requirements can be established: (1) ignorance of the party's mental incapacity; (2) lack of notice of the incapacity such as would indicate to a reasonably prudent person that inquiry should be made of the party's mental condition; (3) payment of a full and fair consideration; (4) that no unfair advantage was taken of the incompetent; and (5) that the incompetent had not restored and could not restore the consideration or make adequate compensation therefor. *Chesson v. Insurance Co.,* 268 N.C. 98, 150 S.E. 2d 40 (1966).

In the case *sub judice* there is a durable power of attorney executed by an incompetent. The issue before us is whether a note and deed of trust can be enforced by a party contracting solely with the attorney-in-fact in reliance on the recorded power of attorney.

To begin with we acknowledge the distinction between a third party seeking to enforce a power of attorney executed between two other parties and a party seeking to enforce a contract made directly with the incompetent as found in *Chesson.* However, we find that the logic behind the decision in *Chesson* and the established rule set forth in *Reynolds* should apply to the

facts of this case. Therefore, the power of attorney in the case *sub judice* should be treated the same as any other contract. 2 S. Williston, *The Law of Contracts* § 250 (3d ed. 1959) and cases cited therein. *See generally* 44 C.J.S. *Insane Persons* § 116 (1945). Likewise, a power of attorney executed by a nonadjudicated incompetent should be considered voidable and not *void ab initio*.

If the third party contracting solely with the attorney-in-fact can satisfy all five of the *Chesson* requirements, the power of attorney will be enforced even though the principal was a nonadjudicated incompetent when the power of attorney was executed.

After carefully examining the record, we are satisfied it contains sufficient evidence to support the trial court's finding that all five *Chesson* requirements were met in this case.

Plaintiff conceded defendant did not know Mrs. Haith was incompetent when she executed the power of attorney in 1981 or when her attorney-in-fact executed the note and deed of trust in 1983. When coupled with the fact that James Haith as attorney-in-fact executed three of his mother's seven previous loans from defendant, all of which were routine transactions, we find sufficient evidence to support the trial court's finding that defendant was not aware of anything which would reasonably indicate it should have inquired into Mrs. Haith's mental condition.

Uncontradicted testimony shows more than one-half of the loan proceeds were used to pay off Mrs. Haith's prior indebtedness to defendant. Moreover, the evidence tends to show Mrs. Haith's home increased in value substantially as a result of renovations made after James Haith received the remaining proceeds of approximately $5,000. We believe both of these factors sufficiently support the findings that defendant paid full and fair consideration to Mrs. Haith in exchange for the note and deed of trust and that defendant did not take unfair advantage of her.

Finally, three factors convince us that sufficient evidence existed for the trial court to conclude that Mrs. Haith could not restore the consideration or make adequate compensation thereof. First, the uncontradicted testimony that Mrs. Haith owed a balance in excess of $18,000 on the note and was in arrears several months at the time of trial. Second, the uncontradicted testimony also showed her total liquid assets were approximately $2,000.

Finally, plaintiff's own statement that her mother "can't afford to pay noway."

The trial court was not required to find that all of the evidence supported his decision. So long as sufficient evidence supported the judgment, it will not be disturbed on appeal. *Aetna Casualty and Surety Co. v. Younts*, 84 N.C. App. 399, 352 S.E. 2d 850, *disc. rev. denied*, 319 N.C. 671, 356 S.E. 2d 774 (1987). We believe the evidence sufficiently supports the trial court's conclusion and therefore affirm.

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.